261 So.2d 649

**STATE of Louisiana**

v.

**Eddie H. EDWARDS.**

**No. 51462.**

May 1, 1972.

Charles R. Blaylock, Monroe, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., Harry H. Howard, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Gilbert T. Brown, Jr., John R. Harrison, Asst. Dist. Attys., for plaintiff-appellee.

BARHAM, Justice.

 Eddie H. Edwards was charged under R.S. 14:285 with making a telephone call in which he used obscene, profane, vulgar, lewd, lascivious, and indecent language and made a suggestion and proposal of an obscene nature, with the intent to coerce, intimidate, and harass another person. He was convicted and sentenced to serve two years in the parish jail. On this appeal he relies upon six of the bills of exceptions reserved in the court below.*

*Bill of Exceptions No. 1.*

 Under the heading "Argument on Bill of Exception #1" the defendant's brief contains only the statement: "Bill of Exception No. 1 is submitted without argument." In State v. Mills, 229 La. 758, 86 So.2d 895 (1956), we said: "Mills Bills Nos. 2, 3, 5, 8, and 12 were submitted to

this court without oral argument or discussion in brief, and without citation of authorities. Under this state of facts we would be justified in considering these bills abandoned, and probably will do so under similar circumstances in the future. * * *" See State v. Dallao, 187 La. 392, 175 So. 4 (1937); State v. Dabbs, 228 La. 960, 84 So.2d 601 (1955), in which the court said: " * * * Counsel for the defendant does not discuss this bill of exception in his brief, and there was no oral argument of its merits. We must necessarily conclude that he has abandoned this bill of exception. * * *" For the general proposition that bills of exceptions neither briefed nor argued are deemed abandoned, see State v. Minor, 241 La. 339, 129 So.2d 10 (1961), citing, among other cases, State v. Mills, supra; and the recent case of State v. Lawrence, 260 La. 169, 255 So.2d 729 (1971).

We do not consider the merits of Bill of Exceptions No. 1.

*Bills of Exceptions Nos. 2–5.*

 bills were taken to the overruling of defendant's objections to remarks

---

* After the bills of exceptions had been signed by the trial judge, the defense moved to correct a deficiency in the transcript upon which the appeal was to be heard. The motion requested that in order to comply with the ruling of this court in State v. Barnes, 257 La. 1017, 245 So.2d 159 (1971), the testimony pertinent to the bills of exceptions, designated on the bills by page

numbers of the transcript, be physically attached to the bills. The judge so ordered, and the transcript before us contains the bills of exceptions with relevant testimony made a part. The State argues that the trial court had no jurisdiction to order the bills so corrected or supplemented, but we find no merit in its argument.

of the assistant district attorney in closing argument. Bill No. 2 alleges that the prosecutor made reference to his personal beliefs, and that under the law he might not assert a personal belief in the guilt or innocence of the accused or upon any individual element of the crime. The remark objected to was: "Well, I don't think you can doubt that this was a telephone conversation. There is certainly no other way of describing it I don't think—" The trial judge in per curiam says that he overruled the objection because the comment was not on the guilt of the defendant but rather on the fact that the defendant had made a telephone call, a matter brought out in evidence. The judge was correct in this ruling.

■ Bill No. 4 raises a similar objection to the expression: "The State has I believe covered all of the evidence—" The trial judge states in per curiam that again the State was commenting on evidence which had been heard by the jury. Obviously there was no prejudice from this ruling.

■ Bill No. 3 is grounded upon the objection that the prosecutor talked of a situation about which there had been no evidence, and that this was highly prejudicial in effect. The prosecutor had said that if the deputy sheriff could have reached the telephone booth before the defendant hung up the 'phone, "it would have been an ideal situation", but that since "it didn't happen", the State had to rely on circumstantial evidence. We see no prejudice to the defendant in the judge's ruling.

■ According to Bill of Exceptions No. 5, the defense objected to the State's use of the term "intercourse" in discussion of the case, contending that no testimony or language relating to "intercourse" had been given. The per curiam tells us that defense counsel in his closing argument had made the first reference to the word. Under these circumstances the State's use of the term was legitimate, and defendant could not complain that he was thereby prejudiced. See State v. Taylor, 167 La. 1113, 120 So. 875 (1929); State v. Cox, 218 La. 277, 49 So.2d 12 (1950).

*Bill of Exceptions No. 6.*

■ This bill was reserved to the judge's refusal to give several special charges requested by the defense, which were definitions of the words "obscene", "indecent", "profane", "lewd", and "lascivious". The court explained to counsel that these charges were not proper instructions to a jury, the members of which were under a duty to determine for themselves the definitions of the terms used in the statute and the bill of information. We think the judge was correct in refusing to charge these definitions, taken by counsel from a law dictionary and Louisiana jurisprudence.

1021

The bill of information tracks the statute in charging the crime. When the words "obscene, profane, vulgar, lewd, lascivious, and indecent" (all modifying the word "language") are taken together in context, under the rule noscitur a sociis their meaning is clear and unmistakable, and the jury was capable of determining whether the language used in the telephone conversation was such as was described by these adjectives. In State v. Hertzog, 241 La. 783, 131 So.2d 788 (1961), this court applied the rule of meaning by context to the word "vulgar" in the same statute in connection with the allegation that the bill of information was defective because "vulgar" was too broad and indefinite. See State v. Rose, 147 La. 243, 84 So. 643 (1920), wherein the court, after recognizing that there is hardly a word in the English language which has only one meaning, said: " * * * It is not in the abstract, however, that we find the exact meaning of a word, but in the context or combination of words. * * *" The definitions which the defense requested the judge to give in his charge to the jury are not of legal terms (cf., for example, "criminal negligence" in a charge of negligent homicide, R.S. 14:32), and we do not consider that they were properly the subject of a jury charge.

The conviction and sentence are affirmed.