DIXON, Justice.
Defendant was tried under a bill of information charging him with forgery. R. S. 14:72. He was convicted after a trial by jury and sentenced to serve three years at hard labor. He appeals relying on three perfected bills of exceptions to obtain reversal of his conviction.[1]

Bill of Exceptions No. 1

This bill was reserved when the trial judge sustained the State’s objection to the following question posed by defense counsel to a prospective juror on voir dire:
“Being a fair-minded citizen and knowing that the State has this burden to prove the defendant guilty beyond any reasonable doubt, would you want to hear what the. defendant had to say in this matter ?”
The defendant complains that in refusing to permit the question the trial judge *801 limited the scope of voir dire so as to deny him intelligent exercise of his peremptory challenges. See, State v. Hills, 241 La. 345, 129 So.2d 12 (1961).
The question posed by defense counsel is of the type which is commonly referred to as being “loaded.” If the juror replies affirmatively he has indicated that he desires the defendant to take the stand. A negative reply might infer that he would disregard the defendant’s evidence. An answer to the question would provide no information helpful in deciding whether to challenge the juror.
This bill is without merit.

Bill of Exceptions No. 2

This bill was reserved in response to the trial court’s ruling permitting the State to use evidence of extraneous offenses to show intent, knowledge, system. The defendant’s objection was based on the alleged irrelevancy of the evidence.
On June 23, 1972 the defendant cashed a counter check at the Guaranty Bank and Trust Company in Morgan City, Louisiana. The check was made payable to cash in the amount of $40.00, endorsed with the defendant’s name and drawn on the account of Freddie Johnson. This check is the basis of the prosecution. At trial the State introduced four other checks on which Freddie Johnson’s name had been forged, each payable to cash and endorsed and cashed by defendant. Two of the checks are in the amount of $20.00 and two are for $40.00. One of the checks was cashed at the Guaranty Bank. The other three were cashed at a store in Berwick, Louisiana. The checks are dated June 22, 23 and 24, 1972.
Evidence of extraneous offenses is admissible when relevant to a material issue and where the prejudicial effect does not outweigh the probative value of the evidence. State v. Harrison, 291 So.2d 782 (La.1974); State v. Moore, 278 So.2d 781 (La.1973).
The issue was whether defendant knew the check of June 23 for $40.00 was forged, and whether transferring the check was with the intent to defraud. R.S. 14:72 provides in part:
“Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
“Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.”
There was ample evidence that defendant endorsed and cashed the checks. There was no evidence that defendant was the one who forged Freddie Johnson’s name. Evidence that defendant cashed four other similar checks in amounts of $20.00 and $40.00, dated within a three day period, cashed within a week, all forged, tends to prove the essential knowledge and intent. Its probative value outweighs the prejudicial nature of the evidence.
This bill is without merit.

Bill of Exceptions No. 4

This bill was reserved in response to denial of defendant’s motion for a new trial grounded on an allegation of error by permitting introduction of evidence of other offenses.
We have considered this contention under Bill of Exceptions No. 2 and have found it to be without merit.
For the reasons assigned, the conviction and sentence are affirmed.

. Although defendant perfected four bills of exceptions, Bill No. 3 is neither briefed nor argued and is deemed abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).