298 So.2d 723 (1974)
STATE of Louisiana
v.
Willie Joe DOMINGUE.
No. 54515.
Supreme Court of Louisiana.
July 1, 1974.
Rehearing Denied August 30, 1974.
John W. Hutchison, John A. Jeansonne, Jr., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendant, Willie Joe Domingue, was charged by bill of information with the crime of simple burglary. R.S. 14:62. He was found guilty as charged and sentenced to nine years imprisonment in the State penitentiary. On June 29, 1973 we granted defendant an out of time appeal.
Defendant relies on two bills of exceptions and errors patent on the face of the record. The first bill refers to an objection made by defense counsel to a question asked by the State. This bill is not argued in brief and will be considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
Bill of Exceptions No. 2
This bill was reserved when the court concluded in an evidentiary hearing pursuant to a writ of habeas corpus that the defendant had waived his right to a full transcript. R.S. 15:291 provides:
"The testimony of the witnesses on the question of guilt or innocence may be taken down under the supervision of the court and in order to explain any bill of exception which may be taken by counsel for the accused, the accused shall have the right, if he chooses, to have all of the testimony so taken made a part of the transcript; provided, that any accused desiring to send up the testimony of all of the witnesses so taken, shall pay for the same, and provided further, that the said testimony shall be considered only in explanation of the bills of exception reserved during the trial on behalf of the accused."
The note of evidence taken on April 13, 1971 indicates that counsel for the accused informed the court reporter *724 that a transcript of the proceedings was unnecessary. An evidentiary hearing was held on December 14, 1973 in connection with the defense motion to correct the transcript. The presiding judge found as a matter of fact that a full trial transcript was waived.
This bill is without merit.
Defendant further argues that the record contains no indication that he was properly arraigned as required by C. Cr.P. 551. The minutes, however, state that defense counsel waived formal arraignment and entered a plea of not guilty to the charge. At any rate, proceeding to trial without objection constitutes a waiver. C.Cr.P. 555. The contention that defendant was denied effective assistance of counsel is also unsupported by the record before us on this appeal. C.Cr.P. 920.
For the reasons assigned, the conviction and sentence are affirmed.