SANDERS, Chief Justice.
Defendants Bob McCart and Bobby Glen Cochran, were charged with theft of automobile tires valued at more than one hundred dollars but less than five hundred dollars, a violation of LSA-R.S. 14:67. After trial, the jury returned a verdict of guilty. During the course of the trial, defendants reserved seven bills of exceptions, of which they rely upon four for reversal of their convictions and sentences. Bills of Exceptions Nos. 1, 2, and 6, having been neither briefed nor argued, are considered abandoned. See State v. Richmond, La., 284 So.2d 317 (1973); State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
BILL OF EXCEPTIONS NO. 3
Defendants reserved this bill of exceptions when the trial judge permitted the introduction of the four allegedly stolen tires. Defendants assert that the identification of the tires was inadequate to allow their introduction. We disagree. Mc-Cart’s uncle testified that McCart brought some new tires to his house, placed them in a pumphouse, and laid two old tires over them. A deputy testified that McCart’s uncle gave him the tires and that he brought the tires into court. The deputy identified the tires as those he received from McCart’s uncle soon after the theft. Mr. Sledge, Manager of Sledge Oil Company, testified that, to the best of his knowledge, the tires introduced into evidence were the stolen tires.
The trial court correctly held that the tires were admissible. The lack of positive identification bears upon the weight given the evidence by the jury, rather than barring its admissibility. See State v. Dotson, 260 La. 471, 256 So.2d 594 (1971) and the authorities therein cited.
This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 4
Defendants reserved this bill of exceptions when the trial court, over timely objection, allowed the State to introduce into evidence certain oral inculpatory statements made by defendant, Bobby Glen Cochran. Defense counsel argues that the State met neither its burden of proving the statements were voluntary nor that they were actually made. Citing Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the defense contends that the defendants were denied the right of confrontation.
We find defendants’ contention without merit. Two law enforcement officers testified that Cochran was advised of all his rights before making the statements. Cochran told the officers he understood these rights. In our opinion, the lower court correctly held the statements voluntary and admissible. The jury, of course, determines the weight to be given the statements.
The case of Bruton v. United States, supra, is readily distinguishable from the case at bar. In Bruton, the co-defendant, whose confession was introduced, did not take the stand, thereby depriving the other defendant implicated by the confession of .the right of confrontation. In the instant case, both defendants testified. Cochran was examined by McCart’s attorney concerning the confession.
In California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), the United States Supreme Court held that the introduction of a witnesses’ prior statement did not violate' the Confrontation *917 Clause when the witness testified at the trial and was subject to cross-examination. The court stated:
“Viewed historically, then, there is good reason to conclude that the Confrontation Clause is not violated by admitting a declarant’s out-of-court statements, as long as the declarant is testifying as a witness and subject to full and effective cross-examination.”
See also Nelson v. O’Neil, 402 U.S. 622, 91 S.Ct. 1723, 29 L.Ed.2d 222 (1971).
The defense and State jointly moved to consolidate the Cochran and McCart cases. In his brief, defense counsel concedes that prior to the State’s opening statement, he and his clients were afforded notice that the inculpatory statements would be used. Despite notice, the defense filed no motion, to sever.
We also note the court’s instruction to-the jury that the confession was to be considered only in determining the guilt of Cochran and not that of McCart.
This bill of exceptions is without merit.
BILL OF EXCEPTIONS NO. 5
Defendants reserved this bill of exceptions when the trial court refused to grant a directed verdict of not guilty. Defendants here contend that the State failed to prove the three essential elements of the crime set forth in LSA-R.S. 14:67: 1) something of value was taken; 2) the thing taken belonged to another; and 3) the intent was to permanently deprive the other person of the thing stolen.
In reviewing the denial of a directed verdict on appeal, this court addresses itself only to the question of whether there is some evidence of the essential elements of the crime. See State v. Douglas, La., 278 So.2d 485 (1973).
In the present case, we find there is some evidence of these elements. Hence, the bill of exceptions lacks merit.
BILL OF EXCEPTIONS NO. 7
Defendants reserved Bill of Exceptions No. 7 when the trial court refused to grant defendants’ motion for a new trial. In the motion, defendants reiterate the complaints made in the previous bills of exceptions.
Hence, the motion raises nothing new for consideration.
For the reasons assigned, the convictions and sentences are affirmed.
DIXON, J., concurs.