306 So.2d 308 (1975)
STATE of Louisiana
v.
McArthur GROVE.
No. 55193.
Supreme Court of Louisiana.
January 20, 1975.
William J. Goliwas, O'Keefe, O'Keefe & Berrigan, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Defendant was charged by bill of information with the offense of Attempted Aggravated Arson in that he attempted to damage by the use of an explosive substance and by fire a structure located at 1614 Baronne Street in New Orleans, a dwelling in which human beings were present and where it was foreseeable that human life might be endangered. The jury returned a verdict of guilty as charged and the defendant was sentenced to serve nine years at hard labor in the custody of the Department of Corrections.
During trial defense counsel reserved three bills of exceptions. However, only one bill is urged in this appeal. Bills 2 and 3 which are not urged are considered abandoned. See State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).

Bill 1
This bill was reserved by the defense when the trial judge, after a hearing, ruled that Charles Krone, a criminalist working for the New Orleans Police Department, was an expert in chemical analysis and as such was qualified to give an opinion as to the quality of a substance he had analyzed, namely gasoline. Counsel urges in this bill that a sufficient foundation was not laid to enable the Court to reach its conclusion concerning Krone's competency.
Section 466 of Title 15 of the Revised Statutes provides that before any witness can give evidence as an expert, his competency so to testify must have been established to the satisfaction of the court.
*309 The trial judge has a wide discretion in passing on the qualifications of a witness proffered as an expert. See State v. Richmond, 278 So.2d 17 (La.1973).
Our review of Krone's qualifications as evidenced by his testimony convinces us that the trial judge did not abuse his discretion here. Krone had received a Bachelor of Science degree from Louisiana State University in the field of biology. He had been in the employ of the New Orleans Police Department for four years as a criminalist. Prior to his employment by the New Orleans Police Department he worked with a methadone maintenance program in New Orleans and in his capacity there had performed tests on various substances. During the four-year period in which he was employed by the police department, he had frequently performed tests on various substances to determine their content; he had also completed three courses in identification of compounds since he joined the department.
This bill is without merit.
The conviction and sentence are affirmed.