315 So.2d 293 (1975)
STATE of Louisiana
v.
William L. BRUINS.
No. 56365.
Supreme Court of Louisiana.
June 25, 1975.
*294 James J. Brady, Alexandria, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morris Shapiro, Asst. City Atty., City of Alexandria, for plaintiff-respondent.
BARHAM, Justice.
Relator was convicted of driving while intoxicated, a violation of La.R.S. 14:98, and was sentenced to pay a fine of $250.00 and costs of $5.50; in default of payment of the fine, defendant was to be required to serve 30 days. We granted relator's application for writs seeking review of his conviction and sentence.
Upon request by the police, the relator agreed to submit to a blood test to determine the amount of alcohol in his blood. An analysis of the blood taken from relator revealed an amount of alcohol sufficient to render operative the presumption that he was under the influence of an alcoholic beverage contained in La.R.S. 32:662, subd. A, par. 1 c.
The issue presented for our determination is whether the trial court erred in overruling relator's objection to the admission into evidence of the hospital record showing the level of alcohol in relator's blood, as revealed by analysis of the blood. In objecting to the admission of the report relator effectively argued that the State had failed to lay a proper foundation showing that the person making the test was qualified to do so. The relator further argued that the State failed to show that he was the individual from whom the blood which was the subject of the analysis reflected in the hospital report was taken. The State called neither the individual who drew relator's blood nor the person who performed the analysis, the results of which appear on the hospital report introduced into evidence. No evidence of the requisite certification or qualifications of these individuals set forth in La.R.S. 32:663 and 32:664 was presented by the State.
The State's position is that the so-called hospital records act, La.R.S. 13:3714, renders unnecessary the presentation as witnesses of the persons who drew and analyzed relator's blood and dispenses with and necessity of proving the certification and qualifications of these persons pursuant to La.R.S. 32:663 and 32:664. In an attempt to support its position the State cites us to Brown v. Collins, 223 So.2d 453 (La.App. 3rd Cir. 1969) and State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970). In Brown, a civil case, the Court of Appeal held in pertinent part that the hospital record noting a concentration of .255 mg. percent alcohol in the blood was admissible under the so-called hospital record act, La.R.S. 13:3714. However, the Court of Appeal held that absent expert testimony to show the effect of that alcohol concentration on the motorist, the court could not take judicial notice of the effect of such alcohol content and, therefore, the record showing the test result had no evidentiary weight. The O'Brien case partially supports the State's position, but only to the *295 extent that it recognizes the applicability of the hospital records act in resolving a question of admissibility of evidence in a criminal prosecution for possession of morphine.
Analogizing the present circumstances to those which existed in Brown is somewhat helpful in determining the issue before us. Even if we concede, as the State argues, that the hospital records act renders the complained-of report admissible into evidence, a necessary corollary of that admission, under the circumstances and in accord with the reasoning in the Brown case, is that the trial court may not take judicial notice that the amount of alcohol concentration reported triggers the presumption of La.R.S. 32:662, subd. A, par. 1 c (and, thus, give the State the benefit of the presumption) unless there is a showing that there has been full compliance with the provisions of La.R.S. 32:663 and 32:664, which are conditions precedent to according validity to the tests and their results.
We held in State v. Junell, 308 So.2d 780 (La. 1975) that the person drawing blood from the suspected inebriate and the person performing the analysis thereon had to meet the requirements concerning qualification and certification set forth in La. R.S. 32:663 and La.R.S. 32:664. In what we believe to be a necessary corollary to that holding, we now hold that in a DWI prosecution wherein the State depends on the presumptions created in its favor (La. R.S. 32:662), the State must affirmatively show that the blood sample was taken and analyzed by persons who have the requisite qualifications and certification set forth in La.R.S. 32:663 and La.R.S. 32:664. Without such a showing, notwithstanding the effect of the so-called hospital records act which renders the report merely admissible, the results revealed in the report will be given no evidentiary weight. Cf. Brown v. Collins, supra.
For the reasons assigned, the conviction and sentence of relator are reversed and the matter remanded for a new trial.
Reversed and remanded.
SANDERS, C. J., concurs and assigns written reasons.
SUMMERS, J., concurs and assigns reasons.
SANDERS, Chief Justice (concurring).
In my opinion, the hospital record was admissible in evidence. LSA-R.S. 13:3714 so provides. See State v. O'Brien, 255 La. 704, 232 So.2d 484 (1970).
Assuming, however, that the presumption of intoxication is unavailable because of non-compliance with LSA-R.S. 32:662-664, the conviction should still be sustained if there was other adequate evidence of intoxication.
In the present case, the prosecutor offered no expert testimony as to the significance of the hospital report. The eye-witness testimony was conflicting. I conclude, as did the trial judge, that without the presumption, the evidence is insufficient to support the conviction.
For the reasons assigned, I concur.
SUMMERS, Justice (concurring).
In view of the trial judge's statement "that outside of the blood report there was insufficient evidence" to sustain a verdict of guilty, I concur in the result reached by the majority. I do not agree, however, that other evidence should not be considered to support the charge when the Court finds that the results of the alcohol test are inadmissible. To make this point emphatic, I concur.