328 So.2d 59 (1976)
STATE of Louisiana
v.
Ronald CREDEUR.
No. 56996.
Supreme Court of Louisiana.
February 23, 1976.
Rehearings Denied March 26, 1976.
*60 L. H. Olivier, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Ronald Credeur was charged by bill of information with a violation of La.R.S. 14:89.1, aggravated crime against nature, committed on December 8, 1973, in that he did have unnatural copulation with his eleven-year-old daughter. Trial by jury on March 25, 1975 resulted in a verdict of guilty of attempted aggravated crime against nature by a vote of ten to two. A motion for a new trial filed on April 17, 1975 urged that the conviction was obtained upon perjured testimony and that there was improper behavior on the part of some of the jurors. A hearing was held on this motion on May 27, 1975. Thereafter, the motion for a new trial was denied. Defendant was sentenced to serve seven and one half years at hard labor with the department of corrections. The court suspended the execution of the sentence conditioned on defendant serving one year in the parish jail and being placed on supervised probation for a period of five years. The special conditions of probation are that defendant is not to communicate with any of his children except through the Louisiana department of welfare; he is not to have any of his children live with him until they reach the age of eighteen; defendant is to pay for any psychiatric care his children may need and to remain gainfully employed. On appeal, defendant relies upon five assignments of error for reversal of his conviction and sentence.[1]

ASSIGNMENT OF ERROR NO. 1
Defendant contends that the trial judge erroneously failed to sustain his motion for a directed verdict of acquittal made at the close of all the evidence. The defense had rested its case without offering any evidence. La.Code Crim.P. art. 778 (1966).[2]
This court can find error in the trial judge's denial of a motion for a directed *61 verdict and reverse the conviction only when there is no evidence of the crime or an essential element thereof. State v. Douglas, 278 So.2d 485 (La.1973).
The evidence produced by the state included the testimony of the four children of defendant: two sons, A, age thirteen, and B, age eleven; and two daughters, C (victim), age eleven, and D, age eight.[3] The designated ages are those as of the time of the alleged offense (December 8, 1973). Without detailing the substance of the testimony, it suffices to say that the evidence, particularly the testimony of A, amply supports each element of the crime charged. Hence, the trial judge correctly denied defendant's motion for a directed verdict of acquittal.

ASSIGNMENT OF ERROR NO. 2
Defendant contends that the trial court erred in failing to grant his motion for a new trial where there was no evidence for the jury to have found him guilty of an attempt to commit the crime charged (aggravated crime against nature). Defendant argues that the evidence reveals that he either did or did not commit the crime charged, but in no event is there any evidence that he attempted to commit the crime charged.
Crime against nature is defined in pertinent part:
Crime against nature is the unnatural carnal copulation by a human being with another of the same or opposite sex or with an animal. Emission is not necessary, and, when committed by a human being with another, the use of the genital organ of one of the offenders of whatever sex is sufficient to constitute the crime.
. . . . .
La.R.S. 14:89. Aggravated crime against nature, the crime for which defendant is charged, provides in pertinent part:
Aggravated crime against nature is crime against nature committed under any one or more of the following circumstances:
. . . . . .
(5) Where the victim is under the age of seventeen years and the offender is at least three years older than the victim.
La.R.S. 14:89.1. Defendant was found guilty of attempted aggravated crime against nature. The definition of an "attempt" as set forth in La.R.S. 14:27 is:
. . . [A] separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
The responsive verdicts to specific offenses are set forth in article 814 of the Code of Criminal Procedure. Though all offenses are not enumerated in this article, the Official Revision Comment (b) following the article states:
. . . For all other offenses not enumerated and listed in the above article attempt would be responsive.
The crime for which the defendant is charged, namely aggravated crime against nature, does not appear in article 814; therefore, it follows that "attempt" is a responsive verdict. See State v. Ackal, 290 So.2d 882 (La.1974). Since "attempt" is a responsive verdict to the crime charged, defendant's argument is of no moment. Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
In this assignment of error, defendant contends that the trial judge erred in failing to grant his motion for a new trial where the only witness, A, who testified *62 at trial as to the commission of the crime, testified at the hearing on the motion for a new trial that his prior trial testimony was false and perjured. Defendant submits that this constituted newly discovered evidence and that the ends of justice required the trial judge to grant a new trial, citing article 851 of the Code of Criminal Procedure.
Defendant was tried and convicted on March 25, 1975. At trial, A, age thirteen, had been a key witness for the state and had testified that he had witnessed an act of unnatural copulation by his father (defendant) with his sister (C). On April 13, 1975, some nineteen days after defendant's trial and conviction, defense counsel received a telephone call from A in which he stated that his trial testimony concerning the unnatural sex act between his father and C was false. The telephone conversation was recorded. A hearing was held on the motion for a new trial. A testified at this hearing, and a copy of the taped telephone conversation was received in evidence. The request for a new trial was denied by the trial judge.
Article 851 of the Code of Criminal Procedure provides in pertinent part:
The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
The court, on motion of the defendant, shall grant a new trial whenever:

. . . . . .
(3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty:
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
Neither the appellate nor supervisory jurisdiction of this court may be invoked to review the granting or the refusal to grant a new trial, except for error of law. La.Code Crim.P. art. 858 (1966). It is well established in our jurisprudence that the granting or refusing to grant a motion for a new trial rests within the sound discretion of the trial judge and will not be disturbed on review in absence of clear abuse. State v. Randolph, 275 So.2d 174 (La.1973); State v. Jackson, 253 La. 205, 217 So.2d 372 (1968).
At trial, all four of defendant's children testified that on December 8, 1973, they were told by their mother and father to disrobe and were taken into a bedroom where their parents, also in the nude, ordered the boys to perform indecent acts on the mother and the girls on the father. However, it was only A who testified that he witnessed the act of unnatural copulation between his father (defendant) and his sister (C). A was extensively cross-examined by defense counsel but was steadfast in his testimony in this regard. Other details in A's testimony were corroborated by the testimony of the other witnesses.
A's testimony at the hearing on the motion for new trial was revealing. It consisted almost entirely of "yes" or "no" answers to questions posed by defense counsel. He admitted calling defense counsel on April 13, 1975 and stating that his trial testimony regarding the act of unnatural copulation between his father and C was false and affirmed that this was his present testimony. Thereafter, defense counsel stated:
Q. Are you trying to do right? Is that the reason for telling the truth now? *63 A. (No response. Witness begins to cry.)
Thereafter, a short recess was taken. When A returned to the stand, he responded affirmatively to defense counsel's questions that his telephone conversation to him and his present testimony were voluntary and not given in response to any promises. In order to properly evaluate A's testimony at the hearing for a new trial, we consider it necessary to quote at length from his testimony on cross-examination.
BY MR. STANSBURY:
Q. [A], I'm going to ask you some questions, okay? Which one is the truth, the one you said in court or what you told Mr. Olivier on the telephone?
A. (No response).
Q. The truth, son.
A. (No response).
THE COURT:
[A]. I know it's difficult, but we're here and I'd like for you to answer Mr. Stansbury's question.
BY MR. STANSBURY:
Q. Which one is true, [A]?
A. I can't answer that.
THE COURT:
You can't answer that, is that what you're saying?
THE WITNESS:
Yes.
BY MR. STANSBURY:
Q. Are you afraid? Are you crying because you don't want your father to be hurt?
A. Yes.
Q. Everybody knows that, but we must have the truth.
A. (No response).
Q. Now, you're becoming a man now, son, so please, will you tell us which is true?
A. Yes, but either way I go somebody's got to get hurt.
THE COURT:
There's no question about that.
BY MR. STANSBURY:
Q. The hurt is already done. Now it's time for the truth. Did you feel that it would help get your family back together if you called Mr. Olivier and told him that?
A. It wouldn't do any good, because I'm not going back.
Q. But is that why you called him? You think you're not going back or you don't want to go back?
A. I'm not going.
Q. You're not going back, but is that why you called?
A. (No response).
Q. Son, all I ask you for is the truth. You can't hurt anybody by telling the truth. The trial is over. You told Mr. Olivier something different, and all we want you to tell us is which story is true, under your God's oath.
A. Either way I'm going to go, I've got something to face when I get back.
In our view, A's testimony at the hearing on the motion for a new trial, taken as a whole, does not repudiate his previous trial testimony. We consider it significant that when pressed by the trial judge and district attorney for an answer to the question:"Which one is the truth, the one you said in court or what you told Mr. Olivier on the telephone?" A finally responded: "I can't answer that." Under all of the circumstances, we do not believe that the trial judge abused his discretion in refusing a new trial.
*64 Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
Defendant urges in this assignment of error that the trial court erred in failing to grant his motion for a new trial based on the allegation that one or more of the jurors acted improperly by changing their negative vote to an affirmative one for conviction for the sole reason that they desired to bring the jury deliberations to an end. The two jurors, Dorenda Anne Falcon and Julia Rutledge, who allegedly would verify this fact, were the only two jurors who voted against the verdict.
At the hearing on the motion for a new trial, defense counsel first called Mrs. Dorenda Anne Falcon. The juror was questioned as to the "events which occurred during deliberations."The state objecting, citing La.R.S. 15:470. The trial judge sustained the objection. It was then stipulated that Mrs. Julia Rutledge would have testified similarly as the previous witness and that no claim of bribery or corruption was being made.
The trial judge correctly denied defendant the right to question these jurors relative to the deliberations of the jury in reaching its verdict. It is well settled that a juror may not impeach the verdict of a jury of which he was a member. La.R.S. 15:470; State v. Hatch, 305 So.2d 497 (La.1974). Hence, the motion for a new trial was properly denied.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
In this assignment of error, defendant contends that the special conditions of probation imposed by the trial court are violative of due process of law and operate as a usurpation of the jurisdiction of the juvenile court.
The trial judge sentenced defendant to serve seven and one half years at hard labor with the department of corrections. The court suspended the execution of the sentence conditioned on defendant serving one year in the parish jail and being placed on supervised probation for a period of five years. The special conditions of probation are that defendant is not to communicate with any of his children except through the Louisiana department of welfare; he is not to have any of his children live with him until they reach the age of eighteen; defendant is to pay for any psychiatric care his children may need and to remain gainfully employed.
Article 895 of the Code of Criminal Procedure provides that"[w]hen the court suspends the imposition or execution of sentence and places a defendant on probation, it shall require the defendant to refrain from criminal conduct and it may impose any specific conditions reasonably related to his rehabilitation . . . ."(Emphasis added.) Since the nature of the crime for which defendant was convicted involved his association with his children, the special conditions of probation imposed by the trial court are "reasonably related to his rehabilitation." As stated by the trial judge in his per curiam: "The Court finds that it acted within the framework of this article [article 895] in imposing the conditions of probation." Defendant agreed in writing to the conditions of his probation as required by article 895. He was not obliged to accept probation. Under the circumstances, we find no due process violation or usurpation of the jurisdiction of the juvenile court. Hence, there is no merit in this assignment of error.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] Bill of Exceptions No. 1 was neither briefed nor argued in this court and is therefore considered abandoned.State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
[2] Act 527 of 1975 amended article 778 of the Louisiana Code of Criminal Procedure so that the trial judge may no longer direct a verdict of not guilty in a jury trial. This act was approved July 17, 1975. The amendment does not apply to this trial which occurred prior to its enactment.
[3] We will refer to the children by letter instead of by name.