CALOGERO, Justice.
Defendant Leroy Smith was charged with, and convicted of, distributing heroin, a violation of R.S. 40:966(A). He was sentenced to life imprisonment. Defendant Smith assigned eight errors which he alleged occurred at the trial which mandate a reversal of his conviction. Four of these have been abandoned and will not be considered on this appeal. State v. Domingue, 298 So.2d 723 (La.1974). The other four have been consolidated into two arguments.
ASSIGNMENTS OF ERROR NOS. 4 and 7.
In these two assignments, defendant argues that the trial court erred when it refused to grant a mistrial after allegedly prejudicial remarks were made by a state witness and the prosecutor.
The first remark was made by Officer Gail Roberson, the undercover agent who purchased the illegal substance from defendant Smith. She testified that Leroy Smith handed her six packages of heroin. Defense counsel objected to this reference to heroin on the grounds that the officer could not have known that the packages did in fact contain heroin. Counsel thereupon moved for a mistrial. The trial judge sustained the objection to the witness’ use of the word heroin and admonished the jury to disregard the witness’ statement that it was heroin which was in the packages. He refused, however, to grant the defense motion for a mistrial.
Article 771 of the Code of Criminal Procedure provides that the trial judge shall “promptly admonish the jury to disregard a remark or comment made during the trial . . . when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant ... in the mind of the jury.” The article further provides that the trial judge “may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.” Since the trial judge did promptly admonish the jury to disregard the remark, the issue before this Court is whether the trial judge abused his discretion when he decided that the admonition was sufficient to cure the effect of the witness’ remark.
Defendant Smith was on trial for a single act of distribution of heroin which occurred when he sold six tin foil packages to Officer Roberson. The fact that these packages contained heroin had been mentioned repeatedly during the trial before this witness’ remark: by the prosecutor in *727 opening argument; by the chemist who analyzed the substance in the packages; by the defense attorney himself who said in cross-examination of Agent Stone that Officer Roberson thought narcotics was in the packages; and by this witness who had already testified that she had “purchased heroin” from Smith on this occasion. There had been no objection to any of these comments, each of which took place prior to the testimony here challenged, that the packages contained the illegal substance. Because the witness’ remark did not establish anything more than what had been previously mentioned repeatedly without objection, we hold that the trial judge did not abuse his discretion when he decided that an admonition to the jury was sufficient to cure any prejudicial effect in the remark and to assure defendant Smith a fair trial. See State v. Smith, 285 So.2d 240 (La.1973).
The second remark in question was made in closing argument by the prosecutor who said:
“And who would be better qualified to infiltrate the narcotic community in this City of New Orleans than a former addict or a person who himself is in the drug business such as Calvin Clark and Emanuel Stewart. Who would be better qualified to know who’s pushing dope and who’s not pushing dope than someone who has used dope in the past or is presently using dope.”
Defense counsel moved for a mistrial on the grounds that there had been no evidence at trial indicating that the defendant was an addict, and that the prosecutor’s statement was outside the scope of argument.
The district attorney’s statement did not refer at all to the defendant, but to informers who work in conjunction with police officers. The two men mentioned, Calvin Clark and Emanuel Stewart, are two addict/informers who had figured prominently in the trial because they had led the undercover police to Leroy Smith and had been present at the sale. Much of defense counsel’s cross-examination of state witnesses centered on an attempt to discredit these two informers because they were addicts receiving money from the state for informing on narcotics dealers. The district attorney’s reference was obviously to these two men and others like them who are addict/informers, not to defendant Smith. Notwithstanding this fact, the trial judge admonished the district attorney in the presence of the jury that he must remain within the bounds of the evidence presented.
We find no abuse of discretion on the part of the trial judge in refusing to grant a mistrial under these circumstances, and consequently we find no merit to these assignments of error.
ASSIGNMENTS OF ERROR NOS. 6 and 8.
In these two assignments, defense counsel contends that the trial judge erred when he allowed the case to go to trial on a bill of information rather than upon a grand jury indictment. Defendant Smith argues that, because his trial was held after the effective date of the Louisiana Constitution of 1974, the provision of that Constitution which mandates that “No person shall be held to answer for a . crime punishable by life imprisonment except on indictment by a grand jury” applied to his trial. La.Const. art. I, § 15 (1974); C.Cr.P. art. 382 (1974).[1] Defendant urges this Court to reverse his conviction and require the state to institute any new proceedings against him by grand jury indictment.
Although the defendant’s trial was held in February of 1975, after the effective date of the 1974 Constitution,[2] he was *728 charged in July of 1974, while the Constitution of 1921 was in effect. Under the 1921 Constitution, only capital crimes had to be charged by means of grand jury indictment. La.Const. art. I, § 9 (1921); C. Cr.P. art. 382 (1966). Crimes punishable by life imprisonment were properly charged by a bill of information. The bill of information charging Leroy Smith with distribution of heroin was, therefore, valid at the time it was filed. Moreover, the state could properly try Smith on this charge, even after the effective date of the 1974 Constitution because Art. 14, Sec. 23 of that Constitution provides that “all . suits, proceedings, civil or criminal liabilities, prosecutions . . . and rights existing on the effective date of this Constitution shall continue unaffected.” The criminal prosecution which had been properly instituted against Smith and which was pending on the effective date of the 1974 Constitution remained a valid prosecution on which he could be tried and convicted.
These assignments of error lack merit.
Accordingly, the conviction and sentence of Leroy Smith for distribution of heroin is affirmed.

. The crime for which defendant was tried, distribution of heroin, is punishable by life imprisonment, R.S. 40:966(B), and Smith was in fact sentenced to life imprisonment.

. The Louisiana Constitution of 1974 became effective at midnight, December 31, 1974.