HALL, Judge.
The defendant, Jerry G. Welch, was charged by bill of information with driving while intoxicated, fourth offense, in violation of LSA-R.S. 14:98. In a jury trial, the defendant was found guilty as charged. The trial court sentenced the defendant to serve ten years at hard labor, and the defendant appealed. Finding no merit to the one assignment of error argued and briefed on appeal, we affirm.
At approximately 11:15 p.m. on the evening of April 16, 1982, William Ballentine, an off-duty trooper for the Louisiana State Police, observed the defendant stopped at a red light in front the Holiday Inn on North Market Street in Shreveport. As the light changed to green, Trooper Ballentine observed the defendant’s truck weave over to the left lane and then back into the right lane. The trooper proceeded to the point where Highway 1 and Highway 71 splits in North Shreveport, and then circled back around to the south to turn on the Pine Hill Road which runs west. Trooper Ballentine was proceeding down Pine Hill Road when he observed in his rear view mirror a pick up truck run off of the road and into the ditch.
Trooper Ballentine immediately turned around and radioed Troop G headquarters, advising them that there had been an accident on the Pine Hill Road. When the trooper arrived at the scene, he observed the same pick up truck he had seen on North Market Street. The trooper testified that the truck was turned over in the ditch and that the defendant was hanging out of the driver’s side of the truck.
With the assistance of another man, Trooper Ballentine helped the defendant out of the truck, identified himself to the defendant, and asked the defendant for his driver’s license. Trooper Ballentine testified that the defendant had a very strong odor of alcohol on his breath, his speech was belligerent, combative, and slurred, and the defendant was unable to walk without assistance. The defendant had sustained lacerations to his head in the accident.
Another trooper later took the defendant to Louisiana State University Medical Center where he read the defendant his rights concerning the administration of a blood alcohol test. Blood was drawn from the defendant by Charles Edward Anderson, Jr. The defendant’s blood alcohol content was found to be 0.27 per cent.
Of the assignments filed in the district court, defendant has argued and briefed only one assignment on appeal. By this assignment, the - defendant contends that Charles E. Anderson, Jr., the person who drew the blood from the defendant for the blood alcohol test, was not a “qualified technician” under LSA-R.S. 32:664.
*601 LSA-32:664 provides in pertinent part as follows:
A. When a person submits to a blood test at the request of a law enforcement officer under the provisions of LSA-R.S. 32:662, only a physician, registered nurse, qualified technician, or chemist may withdraw blood for the purpose of determining the alcoholic content therein....
This court has once before addressed the issue of whether Charles E. Anderson, Jr. is qualified under LSA-R.S. 32:664 to withdraw a sample of blood for the purpose of testing its alcohol content. In State v. Carlisle, 458 So.2d 1347 (La.App. 2d Cir.1983) the defendant contended that since Mr. Anderson was not licensed by the state to withdraw blood, the test results were erroneously introduced in evidence. In Carlisle this court found that:
State v. Junell, 308 So.2d 780 (La.1975), held that the person drawing blood from the suspected inebriate and the person performing the analysis thereof had to meet the requirements concerning qualifications and certifications set forth in LSA-R.S. 32:663 and LSA-R.S. 32:664. State v. Bruins, 315 So.2d 293 (La.1975), held that without affirmative proof by the state of the requisite qualifications of both the analyst and the person withdrawing the blood, the results revealed in the report can have no evidentiary value.
LSA-R.S. 32:664 sets forth the requisite qualifications for the person withdrawing the blood sample. The person who withdraws the blood must be a physician, a registered nurse, qualified technician, or chemist. Unlike LSA-R.S. 32:663 which requires that the person who analyzes the blood must possess a valid permit by the state, no such licensing requirement is made for withdrawal of the blood sample.
In this case, the person who withdrew the blood was a cardiopulmonary profu-sionist. As such, we believe that he was a “qualified technician” and therefore possessed the requisite statutory qualifications for withdrawing blood samples.
In the present case, Mr. Anderson testified that he is presently a cardiopulmonary profusionist. He completed his training as such after the date he drew the blood from the defendant in the case. Mr. Anderson testified that he received his phlebotomy training at Schumpert Medical Center where he was employed for five years as a phlebotomist. Mr. Anderson testified that over the five year period of his employment, he estimated that he had drawn blood over 60,000 times. Mr. Anderson has also been called to testify in court as being qualified to draw blood approximately forty to fifty times. Additionally, during Mr. Anderson’s first year of employment at Schumpert Medical Center, he received special training and was under the supervision of a pathologist at Schumpert.
Although Mr. Anderson held no special certification, Mr. Anderson’s training and extensive experience clearly indicate that he is a “qualified technician” within the meaning of LSA-R.S. 32:664. “Technician” has been defined as “a specialist in the technical details of a subject or occupation or one who has acquired the technique of an art or other area of specialization,” Webster’s New Collegiate Dictionary, Eighth (1976); and as “one versed in the technicalities of a subject,” The American College Dictionary, (1966). Mr. Anderson is a “technician” under either of these definitions. The evidence as to his extensive training and work experience established that he is “qualified.” The statute does not require any specific license or certification.
The assignment of error argued and briefed is without merit. The other assignments of error which are neither briefed nor argued are considered abandoned. State v. Domingue, 298 So.2d 723 (La.1974).
The defendant's conviction and sentence are affirmed.
AFFIRMED.