478 So.2d 249 (1985)
STATE of Louisiana, Appellee,
v.
Calvin McGEE, Appellant.
No. 17299-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
John L. Sheehan, Ruston, for appellant.
William J. Guste, Baton Rouge, Atty. Gen., Tommy J. Adkins, Dist. Atty., Dan J. Grady, Asst. Dist. Atty., Ruston, for appellee.
Before HALL, JASPER E. JONES, Jr., and LINDSAY, JJ.
LINDSAY, Judge.
The defendant, Calvin McGee, was charged by grand jury indictment with the offense of false representation in violation of LSA-R.S. 40:971.1. Following a jury trial the defendant was found guilty and on February 15, 1985 was sentenced to serve three years at hard labor and to pay the cost of the court proceedings. Upon payment *250 of the costs, the hard labor sentence was suspended and the defendant was placed on supervised probation for five years subject to certain special conditions. The defendant now appeals his conviction urging one assignment of error. Finding no merit in the assignment of error, we affirm. At trial, Louisiana State Trooper Marshall Payne Scott testified that on April 15, 1982 he was working as an undercover agent in Lincoln Parish. He stated that on that date, he met with a confidential informant and together they located the defendant and another man, known only as "Rufus" at that time but later identified as Mike Smith. The officer and informant asked these two men if they could buy some amphetamines, commonly referred to as "speed." The two men indicated that it could be purchased and joined Scott and the informant in the informant's vehicle. With the informant driving, the defendant and "Rufus" directed them to the residence of one James Mead near Dubach, Louisiana. Upon arriving at a location near the Mead residence, Scott and the informant were let out of the vehicle so that the defendant and "Rufus" could proceed to Mead's residence alone to pick up the amphetamines. Scott testified that he gave the defendant $8 with which to purchase the drugs. After approximately 15 minutes, the defendant and "Rufus" returned to pick up Scott and the informant. As the informant resumed driving, the defendant, who was in the back seat of the car, handed eleven black capsules over the seat directly to Scott, who was seated in the front passenger's seat. Scott testified that he and the informant asked the defendant several times if the pills were caffeine. The defendant responded that the pills were not caffeine, but "Black Mollies ... amphetamines." The officer secured the pills in his boot and they returned to Ruston where the defendant and "Rufus" had been picked up. The pills were turned over to Trooper Bob Ellis who subsequently transported them to the crime lab in Monroe for analysis. This analysis revealed that the capsules did not contain amphetamines or any other controlled dangerous substances.
After the defendant's conviction, he moved for an appeal asserting four assignments of error. However, as assignments numbers 2, 3 and 4 were not argued or briefed, they are considered abandoned. State v. Domingue, 298 So.2d 723 (La. 1974).
The defendant's remaining assignment of error asserts that the trial court erred in not requiring the State to disclose the identity of the informant who was present in the car during the alleged drug transaction. At trial, defense counsel twice asked Trooper Scott for the informant's name. On both occasions, the trial court sustained the State's objections to these questions. We agree with the trial court's ruling.
In State v. Williams, 347 So.2d 184, 187 (La. 1977) the Louisiana Supreme Court stated that:
[C]ourts order the disclosure of the confidential informant's name only under exceptional circumstances justifying the disclosure, and much discretion is allowed the trial judge's finding on this showing. There is no fixed rule for ordering disclosure of the informant's identity. State v. Dotson, 260 La. 471, 256 So.2d 594 (La.1972), cert. denied, 409 U.S. 913, 93 S.Ct. 242, 34 L.Ed.2d 173 (1972).
In Williams, the defendant argued, as does the defendant in the instant case, that the trial court erred in sustaining the State's objections to identifying the informant, since he was a participant in the transaction. In Williams, the informant, his wife and a detective with the DEA met with the defendant for the purpose of purchasing drugs. The informant, who had been given money marked for use in the transaction, and the DEA agent then pooled their funds and turned them over to the defendant. The defendant left and returned with heroin which he handed to the DEA agent.
In affirming the defendant's conviction in Williams, the Louisiana Supreme Court *251 stated that the defendant did not make known to the trial judge his reasons for wanting to know the identity of the informant or how it would affect his defense. The court noted that the defendant had neither alleged nor shown prejudice as a result of the failure of the trial judge to order disclosure of the informant's identity.
In the present case, defendant McGee has also not alleged nor shown any prejudice resulting from the denial of his request for the identity of the informant. Defense counsel argued at trial that the informant was a material witness to the transaction and the defendant should be entitled to know his identity. Counsel also contended that the informant, by driving the vehicle in which the drug transaction was consummated, became an actual participant in the crime. He reasserts these arguments in brief citing Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed2d 639 (1957) for the proposition that by working with the police, the informant takes part in the illegal transaction and his identity must be revealed.
Roviaro, however, is distinguishable from the case at bar. In Roviaro, the U.S. Supreme Court held that the trial court erred in permitting the government to withhold the identity of the informant where, other than the accused, the informant was the "sole participant" in the transaction. The court noted that the informant was the defense's one material witness who could have testified as to what actually transpired. The informant actually participated in the transaction while the narcotics officers were only witnesses.
In Roviaro, the U.S. Supreme Court established a balancing test for guidance in determining when the identity of a confidential informant should be revealed. This test was noted by the Louisiana Supreme Court in State v. Davis, 411 So.2d 434 (La.1982):
The problem is one that calls for balancing the public interest in protecting the flow of information against an individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony and other relevant factors.
411 So.2d at 437.
In Davis, the Louisiana Supreme Court reviewed the law as it relates to the informer privilege and agreed with the trial court that the defendant failed to bear the burden of demonstrating exceptional circumstances pertaining to his defense which would require the disclosure of the identity of the confidential informant. The court found that the informant introduced an undercover drug agent to the defendant, and was present during at least three of the purchases of illegal drugs by the undercover agent from the defendant. The Court found, however, that there was nothing in the record to indicate that the confidential informant was a participant in the crime. The participants were the undercover agent and the defendant.
The situation presented in Davis is similar to that presented here. The record shows that the informant did not participate in the transfer of money from the undercover officer to the defendant or in the transfer of the capsules from the defendant to the officer. As in Davis, the informant was in the immediate company of Officer Scott when the purchase was made. However, the record substantiates the trial judge's ruling that the informant's presence and alleged participation in the transaction was not such an exceptional circumstance that would require the disclosure of the informant's identity. The trial judge stated that he could not "see where the defendant would be affected one way or the other if [the informant's] name was known."
In State v. Humphries, 463 So.2d 804 (La.App. 2d Cir. 1985) this court rejected the defendant's argument that disclosure should have been ordered where the informant witnessed the events leading to the drug transactions and possibly heard a discussion of a subsequent deal. We noted *252 that the Louisiana Supreme Court in Davis rejected this same argument. We again reject this argument. The defendant's mere assertion that the informant was a material witness is not sufficient to carry his burden of proving a need to know the identity of the informant. In the instant case, of course, the informant was not the only other witness to the transaction between the undercover officer and the defendant and we note that the defendant did not call this person as a witness.
We find, therefore, that the trial judge did not abuse his great discretion in his determination that the defendant's allegations were not sufficient to require a disclosure of the identity of the informant. As the defendant's assignment of error is without merit, the conviction is affirmed.
AFFIRMED.