DOMENGEAUX, Judge.
Defendant, Calvin Victorian, was charged by bill of information on February 13, 1984, with the commission of simple burglary of the Tip Top Lounge on January 23, 1984, in violation of La.R.S. 14:62.
On June 20, 1984, a motion to suppress evidence was heard and denied. On that day, defendant was found guilty of attempted simple burglary by a six person jury. Thereafter, the defendant was sentenced to six years at hard labor in the custody of the Department of Corrections to run consecutively with any other sentence then being served by the defendant.
The defendant moved to seek review by appeal in this Court. Five assignments of error were filed.
FACTS
On the morning of January 23, 1984, at approximately 3:54 A.M., Officer Chavis of the St. Landry Sheriff’s Office, while on patrol in Eunice, noticed the defendant and two companions running away when they spotted the Officer’s patrol car. The officer recognized all three subjects. Officer Chavis radioed his observation to headquarters. As a result of this reported suspicious behavior, Officer LeBouef began checking business establishments in the vicinity. He discovered that the Tip Top Lounge had been forcibly entered. Upon entering the lounge, he further discovered that the change boxes had been removed from the pool table and jukebox and emptied. Officer LeBouef notified the owner *364 who arrived and informed the police the change had been stolen along with one bottle of Crown Royal whiskey with a red pour top and one bottle of Calvert whiskey.
Shortly thereafter, Officer Gary Duple-chain saw the subjects including the defendant originally reported by Officer Chavis and noticed one of them dropping a bottle of Crown Royal. He then stopped the subjects. One of them ran away, and the officer subsequently took the defendant and one co-defendant into custody. The defendant was searched and was found to have large bulges in his pockets which turned out to be change. Another of the subjects was found to be carrying a bottle of Calvert whiskey. The subjects were apprehended four blocks from the Tip Top Lounge.
ASSIGNMENT OF ERROR NO. 1
In this first assignment of error the defendant contends the trial court erred in refusing to supress evidence seized from the defendant because the officer who arrested the defendant lacked probable cause to do so.
Officer Duplechain testified that he had heard over his patrol car radio that three black male subjects were running away when they were approached by a police car. Officer Duplechain later heard that the Tip Top Lounge, which was in the immediate area, was forcibly entered and apparently burglarized. The Officer spotted three male subjects in that area. When he approached them one apparently dropped a bottle of whiskey and ran away. Officer Duplechain stopped the other two, suspecting they might be involved in the burglary, pat-searched them and discovered the defendant’s pockets bulging with change. The two suspects were then placed under arrest.
Probable cause exists when the facts and circumstances known to a police officer, and of which he has reasonable trustworthy information, are sufficient to justify an average police officer in the belief that the person to be arrested has committed a crime. State v. Buckley, 426 So.2d 103 (La.1983).
In the instant case, Officer Duple-chain had reasonable trustworthy information that a crime had been committed in the immediate area and that three black males in the vicinity were seen running away from police. This information, at the very least, gave Officer Duplechain a reasonable suspicion that the three suspects he saw might have been involved in the burglary. This information, coupled with the flight of one of the suspects, was sufficient probable cause to justify the arrest.
A police officer, incidental to a lawful arrest, may search the defendant and the area within his immediate control. State v. King, 322 So.2d 205 (La.1979). Thus, the evidence seized from the defendant as a result of this search was properly admitted into evidence and the trial court did not err in denying the motion to suppress. Consequently, the defendant’s assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
The defendant further assigns as error the trial court’s allowing co-defendant Wel-ton Miller to testify at the trial when the district attorney had not mentioned in his opening statement that Miller would testify nor was such testimony allegedly within the scope of the opening statement.
Defendant relies on La.C.Cr.P. Art. 766, which states: “The opening statement of the state shall explain the nature of the charge, and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge.” La.C.Cr.P. Art. 769 further provides:
“Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence.
If the state offers evidence that was inadvertently and in good faith omitted from the opening statement, the court, in its discretion may admit the evidence if it finds that the defendant is not taken by surprise or prejudiced in the preparation of his defense.”
*365 The defendant argues that since the State in its opening argument told the jury that they would hear testimony from the Eunice police officers, the State was thereafter precluded from presenting testimony from anyone other than police officers.
The purpose of the opening statement by the State is to explain the nature of the charge and the evidence by which the State expects to prove its case, and it is designed to inform and protect the defendant from surprise. The State must sufficiently explain the nature of the charge and evidence, but it need not give evidence in minute detail. State v. Roquemore, 292 So.2d 204 (La.1974). Also, the State need not name each witness. State v. Davis, 241 La. 974, 132 So.2d 866 (1961), writ denied, 244 La. 1008, 156 So.2d 222 (1963). The State need not name co-perpetrators whom it intends to call at trial. State v. Edwards, 406 So.2d 1331 (La.1981), cert. denied, 456 U.S. 945, 102 S.Ct. 2011, 72 L.Ed.2d 467 (1982).
In its opening statement, the State set forth what it intended to prove, namely that the defendant had participated in the perpetration of the burglary of the Tip Top Lounge the night he was arrested. The testimony of the co-perpetrator, Welton Miller, implicating the involvement of the defendant in the crime was clearly within the scope of that opening statement.
It cannot be said that the defendant was surprised by the calling of Welton Miller as a witness since Miller was already called upon and compelled to testify at the motion to suppress. Since the testimony was well within the scope of the opening statement and was not prejudicial to the defendant, it was properly admitted. Therefore this assignment of error lacks merit.
ASSIGNMENTS OF ERROR NOS. 3 AND 5
By these assignments of erroi, the defendant contends the trial court erred in refusing to direct a verdict in favor of the defendant after the close of the State’s evidence, refusing to overturn the verdict of the jury, and in refusing to grant the defendant’s motion for a new trial on the ground that the verdict was contrary to the law and the evidence.
The appropriate standard for reviewing the sufficiency of evidence is given in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1] That standard is, viewing the evidence in a light most favorable to the prosecution, whether any rational jury could have found the defendant guilty beyond a reasonable doubt.
The State presented evidence which, if believed, clearly supported a finding that the defendant had committed the crime charged. The court was therefore not in error in refusing to grant the defendant’s motion at the close of the State’s evidence.
The defendant apparently argues that the jury verdict was not responsive to the law and evidence because the verdict returned was guilty of attempted simple burglary as opposed to a verdict of simple burglary. La.R.S. 14:27(C) provides that attempt is a lesser grade of the intended crime; any person may be convicted of attempt to commit a crime although it appears on trial that the crime was actually perpetrated by such person in pursuit of such attempt. Accordingly, the verdict of attempted burglary in the instant case was not contrary to the law and evidence as the defendant contends. State v. Credeur, 328 So.2d 59 (La.1976).
ASSIGNMENT OF ERROR NO. 4
In this assignment of error, the defendant claims the court erred in sentencing the defendant to six years at hard labor be *366 cause the sentence was unconstitutionally excessive.[2]
Attempted burglary carries a maximum penalty of six years in prison at hard labor; therefore, the sentence in the instant suit was within the statutory limit. However, even a sentence which falls within the statutory limits may violate a defendant’s right against excessive punishment. La. Const. Art. 1 § 20; State v. Sepulvado, 367 So.2d 762 (La.1979).
The trial judge is in a unique position to view the facts and circumstances of the case, which cannot be duplicated on appeal. As a result, he is afforded wide discretion in imposing sentences within the statutory limits. A sentence imposed by the trial judge should not be vacated in the absence of a clear abuse of that discretion. State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983). The standard for determining whether a trial judge has abused his discretion is whether the sentence imposed is grossly disproportionate to the severity of the crime. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Goode, 380 So.2d 1361 (La.1980). “To determine whether the penalty is grossly disproportionate to the crime we must consider the punishment and the crime in light of the harm to society caused by its commission and determine whether the penalty is so disproportionate. to the crime committed as to shock our sense of justice.” State v. Bonanno, supra; State v. Beavers, 382 So.2d 943 (La.1980).
The record reveals that at the time of the defendant’s arrest, the defendant was on active supervised probation in connection with a seven year suspended sentence previously imposed. Further, the defendant’s prior criminal history included two misdemeanor theft convictions, a shoplifting conviction, and a conviction for disturbing the peace.
After a careful consideration of the facts of this case and the criminal record of the defendant, we cannot find that the trial judge abused his discretion by sentencing the defendant to six years at hard labor. Therefore, this assignment of error lacks merit.
For the above and foregoing reasons the judgment and sentence of the district court are affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984), writ denied, 458 So.2d 128 (La.1984).

. The author of this opinion is compelled to again state his position as to appellate review of sentences for excessiveness. Our state constitution does not provide for nor does it mandate judicial review of sentences which fall within the limits set by the respective criminal statutes. See State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983), concurring opinion at 533; State v. Vallare, 430 So.2d 1336 (La.App. 3rd Cir. 1983), concurring opinion at 1339, writ denied, 433 So.2d 729 (La.1983). See also State v. Shelby, 438 So.2d 1166 (La.App. 3rd Cir.1983), concurring opinion at 1169; see also State v. Rainwater, 457 So.2d 1280 (La.App. 3rd Cir.1984), concurring opinion at 1282.