334 So.2d 195 (1976)
STATE of Louisiana
v.
Wilbert Robert STEVENSON.
No. 57414.
Supreme Court of Louisiana.
June 21, 1976.
*196 Michael S. Ingram, Monroe, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Brian E. Crawford, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Wilbert Robert Stevenson was charged by bill of information with knowingly or intentionally possessing heroin with intent to distribute, in violation of La.R.S. 40:966(A)(1). After trial by jury, he was found guilty as charged and was subsequently sentenced to life imprisonment at hard labor. On appeal, he relies upon two assignments of error for reversal of his conviction and sentence. We find it unnecessary, however, to review the errors assigned on appeal, as we note, ex proprio motu, reversible error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence.
The record reveals that this prosecution was instituted by a bill of information filed on October 3, 1975, charging defendant with the crime of knowingly or intentionally possessing heroin with intent to distribute on October 2, 1975. This criminal proceeding is therefore governed by the Louisiana Constitution of 1974, which became effective on January 1, 1975.
Article 1, section 15 of the Louisiana Constitution of 1974 provides that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. Similarly, article 382 of the Code of Criminal Procedure, as amended, La.Acts, 1974, Ex.Sess. No. 19, § 1, eff. Jan. 1, 1975, provides that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury.
The crime of knowingly or intentionally possessing heroin with intent to distribute is punishable by life imprisonment. La.R.S. 40:966(A)(1); La.R.S. 40:964(B) (10); La.R.S. 40:966(B) (1). Hence, prosecution for the offense with which defendant is charged can be instituted only by indictment by a grand jury.
Institution of the prosecution in this case by bill of information rather than grand jury indictment constitutes error. Moreover, this error is discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, which we should notice ex proprio motu. La.Code Crim.P. art. 920 (2), as amended, La.Acts 1974, No. 207, § 1; State v. Wells, 283 So.2d 245 (La. 1973); State v. Raby, 259 La. 909, 253 So.2d 370 (1971); State v. Butler, 259 La. 560, 250 So.2d 740 (1971). Cf. La. Code Crim.P. art. 859(8), as amended, La. Acts 1974, Ex.Sess. No. 26, § 1, Official Revision Comment (a).

DECREE
For the reasons assigned, the conviction and sentence are reversed and defendant is ordered discharged.