355 So.2d 247 (1978)
STATE of Louisiana
v.
Mister DONAHUE.
No. 60479.
Supreme Court of Louisiana.
January 30, 1978.
Rehearing Denied March 3, 1978.
*248 Joseph R. Raggio, Taylor & Raggio, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, L. J. Hymel, Jr., Walter L. Smith, Jr., Asst. Attys. Gen., for plaintiff-appellee.
CALOGERO, Justice.
Defendant Mister Donahue appeals his convictions and sentences for the crimes of second degree murder and armed robbery of Marshall Bond in 1973. For the second degree murder conviction he was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence for twenty years. For the armed robbery conviction he was sentenced to a consecutive ninety-nine years without benefit of parole, probation or suspension of sentence. He argues three assignments of error[1] which he contends justify reversal of his convictions and sentences.

ASSIGNMENTS OF ERROR NOS. 4 AND 5
Defendant alleges that his motion to quash and his motion for mistrial were wrongly denied. In these motions he contended that the charge against him for second degree murder, which was brought by bill of information, could legally have been brought only by grand jury indictment. Defendant's contention is correct.
Prosecution was originally instituted against defendant Donahue for first degree murder and armed robbery by grand jury indictment in 1975.[2] After recusal of the District Attorney, the indictment was nolle prossed and prosecution, then in the charge of the Attorney General's office, was reinstituted by a second grand jury indictment on December 8, 1975 for first degree murder. Thereafter, the death penalty under Louisiana's first degree murder statute was invalidated, Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). The *249 Attorney General's office chose to nolle pros the grand jury indictment and to reinstitute prosecution against Donahue by bill of information for second degree murder and armed robbery on December 21, 1976. Defendant's contention that the second degree murder charge was brought by bill of information rather than grand jury indictment is borne out by the record. This renders the prosecution for second degree murder null, for reasons which follow.
Article 1, section 15 of the Louisiana Constitution of 1974 provides that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. Likewise, Code of Criminal Procedure Article 382 provides that prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by grand jury indictment. The crime of second degree murder carries a punishment of life imprisonment. La.R.S. 14:30.1. Therefore, prosecution for the offense with which defendant is charged can be instituted only by grand jury indictment. State v. Stevenson, 334 So.2d 195 (La.1976).
The state argues[3] that, because the crime for which defendant is charged occurred before the effective date of the 1974 Constitution,[4] the 1921 Constitution, which allowed prosecution of a crime punishable by a life sentence or bill of information, governs these proceedings. That position lacks merit. Had the charge been filed during the time that the 1921 Constitution was in effect, it would have been valid when filed, and would have supported a conviction gained after the 1974 Constitution took effect. La.Const. art. 14, § 23 (1974); State v. Smith, 329 So.2d 725 (La. 1976). But the conviction at issue here is grounded upon a charge filed in December of 1976, a date subsequent to the effective date of the 1974 Constitution. it was not valid when filed, and it cannot support a valid conviction. State v. Stevenson, supra; State v. Smith, supra. In this circumstance the date of the occurrence of the crime is immaterial.
For this reason, institution of the prosecution against defendant Donahue for second degree murder by bill of information rather than grand jury indictment constitutes error, and the trial judge wrongly denied defendant's motion to quash as to that charge.
That resolution does not end the matter, for the state argues that even should the second degree murder conviction be invalid, the second conviction, that for armed robbery, need not be upset.
Armed robbery is neither a capital crime nor a crime punishable by life imprisonment. La.R.S. 14:64; La.Const. art. 1, § 15 (1974). It may be charged by grand jury indictment or by bill of information. State v. Williams, 341 So.2d 370 (La.1976); State v. Bradford, 298 So.2d 781 (La.1974). It is clear, therefore, that had the armed robbery charge been brought alone, it could properly have been brought by bill of information.
Moreover, if the second degree murder had been quashed before trial began, the prosecution for armed robbery could have continued on the valid robbery count. This is so because each count in a multiple-count charge independently charges an offense. It is this principle which underlies the entire procedure whereby offenses are joined in a single count, as explained in Wharton's Criminal Procedure, as follows:
"Each count, being in legal contemplation a separate indictment or information must contain all the allegations necessary *250 to constitute the offense sought to be charged in such count, for it is upon the principle of the joinder of offenses that the joinder of counts is allowed. In determining whether an indictment or information is sufficient, each count must be treated as a whole, and the jury is not required to treat such an indictment or information as an indivisible unit." 2 Wharton's Crim.Proc. § 295, pp. 138-39 (12th ed., Torcia ed., 1975)
Thus, if one count of a two-count indictment or information is invalid, the entire accusation will not be quashed, but, instead, only the defective counts will be quashed. See Selvester v. United States, 170 U.S. 262, 18 S.Ct. 580, 43 L.Ed. 1029 (1898). Moreover, Louisiana law allows the granting of partial relief in response to a motion to quash. State v. Mitchell, 319 So.2d 357 (La.1975).
The only real question, then, is whether the charge and evidence of second degree murder presented to the jury simultaneously with the armed robbery charge so infected the otherwise properly charged and tried armed robbery prosecution as to require reversal of the armed robbery conviction. We believe that it did not.
In the first place, the two crimes arose out of the same transaction, and facts as to each would have been respectively admissible at separate trials of the other as part of the res gestae. R.S. 15:447, 448. This is not a situation where the counts could not have been joined[5] and where such misjoinder resulted in inherent prejudice to defendant on each charge. See State v. McZeal, 352 So.2d 592 (La.1977). Here, because of a technical but fatal deficiency in one count of the accusation defendant should not have been tried on that count. Under these circumstances, we hold that our quashing of the second degree murder count post trial does not affect the otherwise valid armed robbery charge and trial, and that the conviction and sentence for the crime of armed robbery should be allowed to stand.
Thus, while we nullify defendant's conviction and sentence for second degree murder, we find that this defect does not infect the conviction and sentence for armed robbery. We therefore turn to the other assignment which defendant contends requires reversal of his conviction.

ASSIGNMENT OF ERROR NO. 7
Defendant argues that the trial judge erred in refusing to grant a mistrial requested on the basis of the prejudicial conduct of a witness in the case. The witness was Ossie B. Brown, District Attorney for the Parish of East Baton Rouge, who had been recused as prosecutor in the case because of his involvement in taking defendant Donahue's confession to the crime. Defendant complains that while Brown was on the witness stand he made unnecessary and unsolicited remarks which prejudiced his case. Specifically, he complains first that the district attorney should not have testified in narrative form, and that the district attorney should not have volunteered lengthy answers to questions. We see the following recitals as typical of those of which defendant complains:
"PROSECUTOR: Now, Mr. Brown, did you promise Mr. Whitmore anything whatsoever in exchange for him giving you this statement?
WITNESS: No, sir. Mister Donahue asked to see me and after he finished telling me this, he said, do you think that I will go to jail for this. And very plainly and very ordinarily I would say . . . .
DEFENSE COUNSEL: I'm going to object . . . ."

* * * * *
"PROSECUTOR: And at that time did you have occasion to see and talk with Mister Donahue again?
WITNESS: Yes, sir.
PROSECUTOR: And what was the purpose of this conversation? *251 WITNESS: I asked Mister Donahue when I talked to him the first time if he'd like to tell what he told me to the deputies. He said, yes. That's when I asked him why didn't he take a break and go eat. I was informed that he had decided he wasn't going to give them a taped statement. And I said, well, let me go see what the problem is. I went into the room where Mister Donahue was, and I asked him was anything wrong. He said no. I said, are you going to give them a taped statement. He said, No, I've said all I'm going to say.
PROSECUTOR: And was this the last contact you had with Mister Donahue?
WITNESS: That was the last contact I had with him. I did something else when I was in the room at that time.
PROSECUTOR: And what was that, Mr. Brown?
DEFENSE COUNSEL: Your Honor * * * Mr. Brown is still volunteering the information."
We will assume without deciding that the witness here, the district attorney of the parish where the crime occurred who had been recused because of his involvement in the case, is not an ordinary lay witness but one whose remarks are attributable to the state. See State v. Foss, 310 So.2d 573 (La.1975). Nevertheless, we do not find that the remarks in question were of such a nature as to prejudice defendant's case and cause reversible error. While the witness' answers were consistently unnecessarily long and often supplied unsolicited material, we cannot say that the content of the answers was inadmissible or the method of recitation prejudicial. We also note the laudatory and conscientious efforts of the trial judge to contain the unsolicited testimony, his consistent action in sustaining defendant's objections, and his eventual success in curtailing the witness' remarks. While we do not approve of the witness' form of testifying, we find in this assignment no reversible error.

Decree
For the reasons assigned, defendant's conviction and sentence for the crime of armed robbery are affirmed. Defendant's conviction for second degree murder is annulled and the sentence upon that conviction is set aside.
CONVICTION AND SENTENCE FOR ARMED ROBBERY AFFIRMED; CONVICTION AND SENTENCE FOR SECOND DEGREE MURDER ANNULLED AND SET ASIDE.
NOTES
[1] Of the eight assignments originally taken, defendant argues four, five and seven and specifically abandons the others in brief.
[2] Defendant's co-perpetrator, Kenny Wayne Whitmore, was initially indicted by the same grand jury, but those charges were nolle prossed, his case was severed and he was subsequently reindicted by grand jury for second degree murder and armed robbery. After a jury trial he was found guilty of both crimes, and these convictions were affirmed by this Court. State v. Whitmore, 353 So.2d 1286 (La. 1977).
[3] The state also argues that defendant's motion to quash, filed after jury selection, was not timely filed and should not be considered on appeal. That position is totally without merit. A motion to quash on the basis that an information charges an offense for which prosecution can be instituted only by a grand jury indictment is jurisdictional, and can be raised at any time. C.Cr.P. art. 535, esp official revision comment (b)(6). Had defendant filed no motions relative to this defect, we would still raise it on our own motion. State v. Stevenson, 334 So.2d 195 (La.1976).
[4] The 1974 Constitution became effective at midnight, December 31, 1974.
[5] These charges, which arose out of the same transaction, could have been brought in a two-count grand jury indictment as were the charges against defendant Whitmore. See note 2.