434 So.2d 1274 (1983)
STATE of Louisiana
v.
Jewell LOTT, Sr.
No. 83 KA 0088.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
William J. Knight, Asst. Dist. Atty., Franklinton, for State.
Richard W. Watts, Franklinton, for defendant.
Before EDWARDS, WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Jewell Lott (defendant) was charged by bill of information with committing the second degree murder of Donald Wayne Thomas, in violation of La.R.S. 14:30.1. A twelve-man jury found Lott guilty as charged, and he was sentenced to life imprisonment at hard labor, without benefit of parole, probation or suspension of sentence.
On appeal, defendant relies upon seven assignments of error. We cannot review the errors assigned on appeal, because we have noted, ex proprio motu, reversible error by mere inspection of the pleadings and proceedings and without inspecting the evidence.
The record reveals that this prosecution was instituted by a bill of information filed in the June, 1982 term of the Twenty-Second Judicial District Court for Washington Parish, charging that Jewell Lott, on May 18, 1982, committed the second degree murder of Donald Wayne Thomas.
The Supreme Court, in State v. Stevenson, 334 So.2d 195 (La.1976), held in pertinent part:
"Article 1, section 15 of the Louisiana Constitution of 1974 provides that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. Similarly, article 382 of the Code of Criminal Procedure, as amended, La.Acts.1974, Ex.Sess. No. 19, § 1, eff. Jan. 1, 1975, provides that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury." 334 So.2d at 196.
The crime of second degree murder is punishable by life imprisonment. La.R.S. 14:30.1. It provides in pertinent part:
"Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."
*1275 Commencement of this prosecution by bill of information rather than grand jury indictment constituted error. Said error was discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence, which we should notice ex proprio motu. La.C.Cr.P. art. 920(2); State v. Wells, 283 So.2d 245 (La. 1973); State v. Raby, 259 La. 909, 253 So.2d 370 (1971); State v. Butler, 259 La. 560, 250 So.2d 740 (1971).
For reasons assigned, the conviction and sentence are reversed, and the defendant is ordered discharged.[1]
NOTES
[1] Even though we must order the defendant discharged, the provisions of La.C.Cr.P. art. 576 are applicable.