445 So.2d 200 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph S. GARY, Defendant-Appellant.
STATE of Louisiana, Plaintiff-Appellee,
v.
Joseph S. GARY, Defendant-Appellant.
Nos. CR83-227, CR83-228.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1984.
L. Paul Gianfala, Lafayette, for defendant-appellant.
W. Gregory Arnette, Jr., Dist. Atty., W.J. Riley, III and Jacquelyne Heinen, Jennings, for plaintiff-appellee.
Before GUIDRY, CUTRER and STOKER, JJ.
CUTRER, Judge.
Defendant, Joseph S. Gary, was charged by bill of information with two counts of *201 aggravated rape (our docket number CR83-227) and two counts of incest (our docket number CR83-228). The two cases arise out of incidents occurring between defendant and his two nieces, ages 10 and 7. The two cases were consolidated for trial. A jury of twelve tried the cases and found the defendant guilty of two counts of attempted aggravated rape and on two counts of attempted incest. The trial judge sentenced the defendant to serve fifteen years at hard labor on each count of attempted aggravated rape; two and one-half years at hard labor were imposed for each conviction of attempted incest, and all four sentences were ordered to be served concurrently.
Defendant appealed the convictions upon the basis of eleven assignments of error, three of which have been abandoned.[1] However, finding merit to two of defendant's assignments, we pretermit addressing the remaining ones and are compelled to reverse all convictions.
ASSIGNMENT OF ERROR IN CR83-227 (Charges of Aggravated Rape)
The defendant was charged by bill of information with two counts of aggravated rape. Following his pleas of not guilty, the defendant was tried upon those charges and found guilty as to each on the lesser crimes of attempted aggravated rape.
Article 1, Section 15 of the Louisiana Constitution of 1974 provides in pertinent part as follows:
"Prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury ...."[2] (Emphasis ours.)
The crimes of aggravated rape, with which defendant was charged by bill of information, carry mandatory penalties of life imprisonment at hard labor without benefit of probation, parole or suspension of sentence. Our Constitution mandates that the prosecution of individuals "held to answer" for crimes punishable by life imprisonment shall be initiated by a grand jury indictment. State v. Donahue, 355 So.2d 247 (La.1978); State v. Stevenson, 334 So.2d 195 (La.1976); State v. Lott, 434 So.2d 1274 (La.App. 1st Cir.1983).
It was, therefore, reversible error for the State to initiate its prosecution of the aggravated rape charges by bill of information, notwithstanding the fact that the jury returned verdicts of guilty to crimes which are not punishable by life imprisonment.[3] Accordingly, the two convictions and sentences for attempted aggravated rape must be reversed and dismissed.
ASSIGNMENT OF ERROR IN CR83-228 (Charges of incest)
At trial, all of the charges against defendant were consolidated, and he was tried by a twelve person jury. This constituted an error fatal to the charges of incest.
Article I, Section 17 of the Louisiana Constitution of 1974 provides in pertinent part:
"A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict. A case in which the punishment may be confinement at *202 hard labor or confinement without hard labor for more than six months shall be tried before a jury of six persons...."[4] (Emphasis ours.)
The crime of incest between an uncle and his niece is punishable by a fine of not more than one thousand dollars or by imprisonment, with or without hard labor, for not more than five years, or both. LSA-R.S. 14:78. Accordingly the Constitution mandates that the defendant be tried on the crimes of incest before a jury of six persons; any other jury size is improper and any verdict rendered by an improper jury is a nullity. State v. Marcantel, 388 So.2d 383 (La.1980); State v. Nedds, 364 So.2d 588 (La.1978); State v. Pollard, 438 So.2d 1208 (La.App. 3rd Cir.1983). As defendant was tried before a jury of twelve, rather than the constitutionally required number of six, his convictions for the crimes of attempted incest must be reversed and remanded for a new trial.
For these reasons, defendant's convictions and sentences in CR83-227 for the two separate crimes of attempted aggravated rape are reversed and dismissed.[5]
Further, defendant's two convictions and sentences in CR83-228 for the crimes of attempted incest are reversed, and this case is remanded to the district court for a new trial.
REVERSED AND REMANDED.
NOTES
[1] Defendant also contends that the trial court erred by denying his motion to proceed in forma pauperis. Such a motion was filed on November 14, 1983, but the record fails to reflect that any action was taken by the trial court. Therefore, this issue is not before us.
[2] See LSA-C.Cr.P. art. 382.
[3] Attempted aggravated rape is punishable by imprisonment at hard labor for not more than fifty years. LSA-R.S. 14:27(D)(1). We cannot, as suggested by the State, allow considerations of "precious judicial time and community and state funds" to override the constitutional protections afforded the accused.
[4] See LSA-C.Cr.P. art. 782.
[5] We recognize that, even though we dismiss the charges in this case, the State may further proceed according to the provisions of LSA-C.Cr.P. art. 576.