HALL, Judge.
The defendant, Charles Edward Thomas, appeals his conviction and sentence, pursuant to a guilty plea, of attempted possession of heroin, in violation of LSA-R.S. 14:27 and 40:966 C. The trial court sentenced the defendant to serve four years at hard labor without benefit of probation or suspension of sentence. On defendant’s application for writs, after denial of his motion by the district court, this court ordered the district court to grant defendant’s motion for an out-of-time appeal limited to excessiveness of sentence and jurisdictional defects. Because the record discloses a jurisdictional defect, the defendant’s conviction and sentence are set aside and the case is remanded to the district court.
The defendant assigns as error the following:
(1) The bill of information charging defendant with a crime punishable with life imprisonment should have been quashed by the trial court;
(2) The trial court erred in failing to set aside defendant’s guilty plea;
(3) The trial court erred in sentencing defendant to the Louisiana State Penitentiary;
(4) The trial court’s sentence imposed against defendant was excessive and failed to follow the sentencing guidelines; and
(5) The trial court erred in failing to set aside defendant’s guilty plea on the grounds that defendant was denied effective assistance of counsel during all phases of the criminal proceedings against him.

Assignment of Error No. 1:

On December 10, 1981, the defendant was charged by bill of information with Possession of a Schedule I Narcotic Drug, heroin, with the intent to distribute, contrary to the provisions of LSA-R.S. 40:966 A. Under LSA-R.S. 40:966 B, the penalty for distribution of a substance classified as a narcotic drug under Schedule I, such as heroin, is life imprisonment at hard labor without benefit of probation or suspension of sentence. Pursuant to the bill of information charging the defendant with possession of heroin with intent to distribute, and pursuant to a plea bargain, the defendant entered a plea of guilty to the lesser included offense of attempted possession of heroin. The record reflects that a new bill of information was not filed by the state, nor was the bill of information amended.
Art. 1, § 15 of the Louisiana Constitution of 1974 provides that the prosecution of a felony shall be initiated by indictment or information, but no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. Additionally, LSA-C.Cr.P. Art. 382 provides that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be Instituted by indictment by a grand jury.
*334 In the present case the defendant was charged, under a bill of information, with • possession of heroin with intent to distribute, a crime subject to a penalty of life imprisonment.
In State v. Green, 347 So.2d 229 (La.1977), the defendant was charged by bill of information with distribution of heroin contrary to the provisions of LSA-R.S. 40:966 A. The defendant was tried by a jury and found guilty of the lesser included offense of possession of heroin. The supreme court held that the offense charged can only be instituted by a grand jury indictment and that it was reversible error to proceed on the basis of a bill of information. See also State v. Stevenson, 334 So.2d 195 (La.1976).
The only distinction between the present c'ase and Green is that the defendant in the present case pled guilty to the lesser included offense pursuant to a plea ■ bargain. We do not find that distinction to be significant. It was reversible error for the trial court to allow the defendant to enter a plea of guilty on the basis of a void bill of information. The conviction and sentence based on an invalid bill of information charging an offense which can be instituted only by grand jury indictment must be set aside.
Having found error requiring the conviction to be set aside, review of the defendant’s other assignments of error is rendered unnecessary.

Decree

For the reasons assigned, the defendant’s conviction and sentence are set aside and the case is remanded to the district court. It is ordered that, pursuant to LSA-C.Cr.P. Art. 538, the defendant be held in custody or that his bail be continued for a period of 10 days from the date the judgment of this court becomes final, pending the filing of a new indictment or bill of information; absent which the defendant .should be discharged.
Conviction and sentence set aside and case remanded.