SAVOIE, Judge.
Defendant, Michael Kevin Smith, was charged by bill of information with aggravated kidnapping, tried by jury, found guilty as charged, and sentenced accordingly to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Defendant, acting in proper person, moved for an appeal. No briefs have been filed in this matter by either the defense or the state.
Under authority of La.C.Cr.P. art. 920(2), we note an error patent which requires reversal of defendant’s conviction and sentence. Aggravated kidnapping is punishable by life imprisonment. La.R.S. 14:44. Therefore, institution of prosecution should have been by grand jury indictment. La. Const. Art. I, § 15; La.C.Cr.P. art. 382. The prosecution herein was instituted by a bill of information only. The failure to proceed by grand jury indictment is a fatal defect. See State v. Stevenson, 334 So.2d 195 (La.1976); State v. Donahue, 355 So.2d 247 (La.1978); State v. Green, 347 So.2d 229 (La.1977); State v. Thomas, 461 So.2d 332 (La.App. 2nd Cir.1984); State v. Gary, 445 So.2d 200 (La.App. 3rd Cir.1984); State v. Lott, 434 So.2d 1274 (La.App. 1st Cir.1983).
Accordingly, defendant’s conviction and sentence are reversed. It is further ordered that, pursuant to La.G.Cr.P. art. 538, defendant be held in custody or his bail be continued for a period of thirty days from the date the judgment of this Court becomes final, pending the filing of a grand jury indictment, absent which defendant should be discharged. See also La.C.Cr.P. art. 576.
CONVICTION AND SENTENCE VACATED WITH ORDER.