HANS J. LILJEBERG, Judge.
|2On April 29, 2010, the St. Charles Parish District Attorney filed a bill of information, charging defendant, Michael Bates, with one count of molestation of a juvenile in violation of LSA-R.S. 14:81.2 (count one) and one count of sexual battery in violation of LSA-R.S. 14:43.1 (count two). *413 On May 4, 2010, defendant was arraigned and entered pleas of not guilty to both charges. Trial commenced on.January 12, 2011, and on January 13, 2011, a 12-person jury found defendant guilty as charged. On February 28, 2011, defendant filed a motion for new trial/judgment notwithstanding the verdict, which the trial court heard and denied on March 15, 2011.
On April 19, 2011, the trial court sentenced defendant to concurrent sentences of 75 years at hard labor without benefit of parole, probation, or suspension of sentence. The court also notified defendant of the' sex offender registration requirements. Defendant’s motion for appeal was granted on April 26, |s2011. On May 13, 2011, defendant filed a motion to reconsider sentence, which the trial court denied on May 19, 2011.

ERROR PATENT DISCUSSION

On appeal, defendant raises four assignments of error for review. We pretermit review of the errors assigned, as we note reversible error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. LSA-C.Cr.P. art. 920.
The record reveals that the instant prosecution was instituted by bill of information, charging the defendant with molestation of a juvenile, a violation of LSA-R.S. 14:43.1, and sexual battery, a violation of LSA-R.S. 14:81.2.
Article' 1, section 15 of the Louisiana Constitution of 1974 provides that no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury. Similarly, LSA-C.Cr.P. art. 382(A) provides that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury.
At the time of the offenses, the crimes of molestation of a juvenile and sexual battery were punishable by life imprisonment, where the juvenile was proven to be under the age of thirteen.[1] In the instant case, the victim was nine years old at the time of these offenses. Therefore, prosecution for either or both Roffenses with which the defendant is charged can be instituted only by grand jury indictment.
As such, the institution of prosecution by bill of information in this case as to either or both charges constitutes reversible error. It is well-settled that this is not a right which may be waived by a defendant’s failure to raise it at trial or on appeal. In State v. Stevenson, 334 So.2d 195 (La.1976), the Louisiana Supreme Court, on patent error review, found that institution of prosecution by a bill of information for possession with intent to distribute heroin, punishable by life imprisonment at the time, constituted reversible error. The fact that a defendant does not raise this issue in a pre-trial motion to quash does not preclude appellate review *414 and reversal on this ground, which is discoverable by inspection of the record, without review of the evidence. Stevenson, 334 So.2d at 196. The failure to institute prosecution by indictment where required is reversible error which can be raised at any time. State v. Donahue, 355 So.2d 247, at 249 n. 3 (La.1978). This is a right which guarantees that no person shall be charged of certain crimes except by a group of his fellow citizens acting independently of the district attorney or a judge. State v. Davis, 385 So.2d 193 (La.1980). See also, State v. Green, 347 So.2d 229 (La.1977); State v. Thomas, 461 So.2d 332 (La.App. 2 Cir.1984); State v. Gary, 445 So.2d 200 (La.App. 3 Cir.1984); State v. Lott, 434 So.2d 1274 (LaApp. 1 Cir.1983); State v. Smith, 542 So.2d 175 (La.App. 1 Cir.1989).

DECREE

We are mindful of the inconvenience to the parties as well as the renewed trauma to the victim; however, because the State has failed to properly institute prosecution, we are compelled to set aside defendant’s convictions and sentences and remand the matter to the district court. It is further ordered that, pursuant to La.C.Cr.P. art. 538, defendant be held in custody or his bail be continued for a | .¡¡period of thirty days from the date the judgment of this Court becomes final, pending the filing of a grand jury indictment, absent which defendant should be discharged.

CONVICTIONS & SENTENCES REVERSED & REMANDED

. At the time of the offenses, LSA-R.S. 14:81.2(E)(1) provided:
Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence.
And LSA-R.S. 14:43.1(C)(2) provided: ■
Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence.
(Emphases added).