SUSAN M. CHEHARDY, Chief Judge.
| gin this case, defendant pled guilty to two counts of sexual battery, violations of La. R.S. 14:43.1. On defendant’s application for supervisory writs, after denial of his motion by the district court, this court ordered the district court to grant defendant’s motion for an out-of-time appeal. Because the record discloses a jurisdictional defect, the defendant’s convictions and sentences are set aside and the case is remanded to the district court.

PROCEDURAL HISTORY

On October 20, 2010, the Jefferson Parish District Attorney filed a bill of information, charging defendant, Brad Engel, with two counts of sexual battery, in violation of La. R.S. 14:43.1. On May 13, 2011, defendant withdrew his former pleas and tendered a plea of guilty as charged on both counts. On May 16, 2011, pursuant to the plea agreement that is set forth in the record, the trial court sentenced defendant to concurrent sentences of 30 years at hard labor, without benefit of parole, probation, or suspension of sentence for the first 25 years.
| ¡¡ERROR PATENT DISCUSSION
On appeal, defendant raises one assignment of error for review, which we preter-mit, because our review reveals reversible error discoverable by mere inspection of the pleadings and proceedings. La. C.Cr.P. art. 920.
In this case, the record reflects that the instant prosecution was instituted *1018 by bill of information charging defendant with two counts of sexual battery, in violation of La. R.S. 14:43.1. Article I, § 15 of the Louisiana Constitution of 1974 provides that “no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury.” Similarly, La.C.Cr.P. art. 382(A) provides that a prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury.
At the time of the offenses, the crime of sexual battery, where the victim was under the age of thirteen and the offender was over the age of seventeen, was punishable by life imprisonment.[1] Here, at the relevant time, the victim was under the age of thirteen and defendant was 32 years old; thus, prosecution for the charged offenses can only be instituted by grand jury indictment.
The failure to proceed by grand jury indictment on offenses punishable by life imprisonment is a fatal defect. See, State v. Donahue, 355 So.2d 247 (La.1978); State v. Bates, 11-721 (La.App. 5 Cir. 3/27/13), 113 So.3d 411, 412-14; State v. Underdonk, 11-1598 (La.App. 1 Cir. 3/23/12), 92 So.3d 369, 373-74 writ denied, 12-0910 (La.10/8/12), 98 So.3d 848. This defect may not be waived by a Ldefendant’s guilty plea or failure to raise it in the lower court or on appeal.[2] State v. Donahue, 355 So.2d 247, 249 n. 3 (La.1978) (failure to institute prosecution by indictment where required is reversible error, which can be raised at any time).
In State v. Bates, 11-721 (La.App. 5 Cir. 3/27/13), 113 So.3d 411, 412-14, this Court vacated defendant’s conviction by a twelve-person jury for sexual battery because the prosecution was not instituted by grand jury indictment. Here, defendant’s conviction was obtained by guilty plea. We do not find that distinction to be significant. It was reversible error for the trial court to allow defendant to enter pleas of guilty on the basis of a void bill of information. The convictions and sentences based on an invalid bill of information charging offenses that can only be instituted by grand jury indictment must be set aside.
Having found error requiring the conviction to be set aside, review of defendant’s assignment of error is unnecessary.

DECREE

While this Court regrets distress to the victim, we are compelled, because the State failed to properly institute prosecution in this matter, to set aside defendant’s convictions and sentences. We further order that, pursuant to La.C.Cr.P. art. 538, defendant is to be held in custody or his bail be continued for a period of 60 days from the date the judgment of this Court becomes final, pending the filing of a *1019 grand jury indictment, absent which the defendant should be discharged.

CONVICTIONS AND SENTENCES REVERSED.

. At the time of the offenses that defendant is charged with committing, La. R.S. 14:43.1(C)(2) read:
Whoever commits the crime of sexual battery on a victim under the age of thirteen years when the offender is seventeen years of age or older, shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than life imprisonment. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. (Emphasis added).

. This is a right which guarantees that no person shall be charged of certain crimes except by a group of his fellow citizens acting independently of the district attorney or a judge. State v. Davis, 385 So.2d 193 (La.1980). See also, State v. Green, 347 So.2d 229 (La.1977); State v. Thomas, 461 So.2d 332 (La.App. 2 Cir.1984); State v. Gary, 445 So.2d 200 (La.App. 3 Cir.1984); State v. Lott, 434 So.2d 1274 (La.App. 1 Cir.1983); State v. Smith, 542 So.2d 175 (La.App. 1 Cir.1989).