STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-826


STATE OF LOUISIANA

VERSUS

KENTRELL D. MCELROY


**********

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 75292
HONORABLE STEPHEN B. BEASLEY, DISTRICT JUDGE

**********

**VAN H. KYZAR
JUDGE**

**********

Court composed of Phyllis M. Keaty, John E. Conery, and Van H. Kyzar, Judges.


**AFFIRMED IN PART AND VACATED IN PART.**

**Julie C. Tizzard**
**700 Camp Street, Suite 101**
**New Orleans, LA 70130**
**(504) 529-3774**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kentrell D. McElroy**

**Don M. Burkett**
**District Attorney**
**Anna L. Garcie**
**Assistant District Attorney**
**Eleventh Judicial District**
**P. O. Box 1557**
**Many, LA 71449**
**(318) 256-6246**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**KYZAR, Judge.**

The defendant, Kentrell D. McElroy, appeals his convictions for armed robbery and aggravated kidnapping. For the following reasons, we affirm the conviction for armed robbery, but vacate the conviction for aggravated kidnapping.

## DISCUSSION OF THE RECORD

The defendant was charged by bill of information filed on November 12, 2015, with aggravated kidnapping, a violation of La.R.S. 14:44, and armed robbery, a violation of La.R.S. 14:64. After waiving his right to trial by jury, a bench trial was held on January 17, 2017.

The evidence at trial established that the victim, Latasha McKinney, a shift manager at the Many, Louisiana Pizza Hut restaurant, was taking a deposit to the bank on August 24, 2015, when a man, who was hiding in the backseat of her car, pointed a gun at her face and ordered her to keep driving. As she drove on, she noticed a silver car following her car. The defendant subsequently took Ms. McKinney's phone and the cash from the money bag and threw five twenty-dollar bills at her as he exited her car. He then got into the silver car, which drove off. The evidence established that more than $3,000.00 was taken from Ms. McKinney.

Ms. McKinney first identified the defendant from a photographic lineup. She later identified him as the perpetrator during her trial testimony. At the close of the bench trial, the trial court found the defendant guilty of both aggravated kidnapping and armed robbery.

The defendant filed a motion for post-verdict judgment of acquittal, which was denied by the trial court. He was then sentenced to life in prison at hard labor, without the benefit of probation, parole, or suspension of sentence, on the aggravated kidnapping conviction, and twenty years at hard labor, without benefit

of probation, parole, or suspension of sentence, on the armed robbery conviction, with both sentences ordered to run concurrently.

On appeal, the defendant argues that the charge of aggravated kidnapping was improperly instituted by bill of information and that the evidence was insufficient to prove that he committed each of the offenses.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there are two errors patent, one of which is directly raised by the defendant herein and is addressed in our discussion of his first assignment of error.

In addition, the defendant waived his right to trial by jury and elected to be tried by a judge alone. While a written waiver was filed on October 18, 2016, it was signed only by counsel for the defendant and not signed by the defendant himself, as required by La.Code Crim.P. art. 780. In addition, the written waiver referenced only the charge of aggravated kidnapping. However, the October 27, 2016 court minutes indicate that the defendant and his attorney were present in court when the trial court personally addressed the defendant concerning his right to a jury trial and the waiver thereof. Thereafter, the trial court found that the defendant had "knowingly, intelligently and voluntarily waived his right to a trial by jury[;]" thus, rendering the error harmless. *State v. Bell*, 13-1443 (La.App. 3 Cir. 6/4/14), 140 So.3d 830; *State v. Brundy*, 15-1233, 16-263 (La.App. 4 Cir. 8/24/16), 198 So.3d 1247, *writ denied*, 16-1748 (La. 6/16/17), 220 So.3d 755.

## OPINION

*Improper Charging Instrument*

In his first assignment of error, the defendant contends that the offense of aggravated kidnapping was improperly charged by bill of information.

The defendant was charged via a single bill of information with both armed robbery and aggravated kidnapping. Louisiana Constitution Article 1, § 15 provides that "no person shall be held to answer for a capital crime or a crime punishable by life imprisonment except on indictment by a grand jury." Similarly, La.Code Crim.P. art. 382(A) provides that "[a] prosecution for an offense punishable by death, or for an offense punishable by life imprisonment, shall be instituted by indictment by a grand jury." Aggravated kidnapping is punishable by life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. La.R.S. 14:44. Therefore, the institution of prosecution for this offense should have been by grand jury indictment. The failure to proceed by grand jury indictment is a "fatal defect." *State v. Underdonk*, 11-1598, p. 7 (La.App. 1 Cir. 3/23/12), 92 So.3d 369, 374, *writ denied*, 12-910 (La. 10/8/12), 98 So.3d 848; *State v. Engel*, 13-519, p. 3 (La.App. 5 Cir. 12/19/13), 131 So.3d 1017, 1018. Consequently, this requires reversal of the defendant's conviction for aggravated kidnapping.

We now turn to whether the remaining conviction for armed robbery must also be vacated as a result of the inclusion of the aggravated kidnapping charge in the bill of information. In *State v. Donahue*, 355 So.2d 247 (La.1978), the institution of prosecution for second degree murder and armed robbery was by bill of information. The supreme court annulled the second degree murder conviction and discussed the armed robbery conviction as follows:

> Armed robbery is neither a capital crime nor a crime punishable by life imprisonment. La.R.S. 14:64; La.Const. art. 1, § 15 (1974). It may be charged by grand jury indictment or by bill of information. *State v. Williams*, 341 So.2d 370 (La.1976); *State v. Bradford*, 298 So.2d 781 (La.1974). It is clear, therefore, that had the armed robbery charge been brought alone, it could properly have been brought by bill of information.

3

Moreover, if the second degree murder had been quashed before trial began, the prosecution for armed robbery could have continued on the valid robbery count. This is so because each count in a multiple-count charge independently charges an offense. It is this principle which underlies the entire procedure whereby offenses are joined in a single count, as explained in Wharton's Criminal Procedure, as follows:

> "Each count, being in legal contemplation a separate indictment or information must contain all the allegations necessary to constitute the offense sought to be charged in such count, for it is upon the principle of the joinder of offenses that the joinder of counts is allowed. In determining whether an indictment or information is sufficient, each count must be treated as a whole, and the jury is not required to treat such an indictment or information as an indivisible unit." 2 Wharton's Crim.Proc. § 295, pp. 138-39 (12th ed., Torcia ed., 1975)[.]

Thus, if one count of a two-count indictment or information is invalid, the entire accusation will not be quashed, but, instead, only the defective counts will be quashed. *See Selvester v. United States*, 170 U.S. 262, 18 S.Ct. 580, 43 L.Ed. 1029 (1898). Moreover, Louisiana law allows the granting of partial relief in response to a motion to quash. *State v. Mitchell*, 319 So.2d 357 (La.1975).

The only real question, then, is whether the charge and evidence of second degree murder presented to the jury simultaneously with the armed robbery charge so infected the otherwise properly charged and tried armed robbery prosecution as to require reversal of the armed robbery conviction. We believe that it did not.

In the first place, the two crimes arose out of the same transaction, and facts as to each would have been respectively admissible at separate trials of the other as part of the res gestae. R.S. 15:447, 448. This is not a situation where the counts could not have been joined and where such misjoinder resulted in inherent prejudice to defendant on each charge. *See State v. McZeal*, 352 So.2d 592 (La.1977). Here, because of a technical but fatal deficiency in one count of the accusation defendant should not have been tried on that count. Under these circumstances, we hold that our quashing of the second degree murder count post trial does not affect the otherwise valid armed robbery charge and trial, and that the conviction and sentence for the crime of armed robbery should be allowed to stand.

Thus, while we nullify defendant's conviction and sentence for second degree murder, we find that this defect does not infect the conviction and sentence for armed robbery.

*Id.* at 249-50 (footnote omitted); *see also Underdonk*, 92 So.3d 369.

4

Thus, we conclude that the defective bill of information as to the aggravated kidnapping count nullifies only the defendant's conviction for that offense. If the armed robbery charge had been brought alone, it could have properly been charged by bill of information. Moreover, had the aggravated kidnapping charge been quashed or severed prior to trial, the prosecution for armed robbery could have continued separately.

The germane issue is whether the evidence of aggravated kidnapping presented concurrently with that of the armed robbery so infected the properly charged and tried armed robbery prosecution as to require reversal of the armed robbery conviction. We find that it does not.

> Generally, courts may not admit evidence of other crimes to show defendant is a man of bad character who has acted in conformity with his bad character. However, under La. C.E. art. 404(B)(1) evidence of other crimes, wrongs or acts may be introduced when it relates to conduct, formerly referred to as *res gestae*, that "constitutes an integral part of the act or transaction that is the subject of the present proceeding." *Res gestae* events constituting other crimes are deemed admissible because they are so nearly connected to the charged offense that the state could not accurately present its case without reference to them. A close proximity in time and location is required between the charged offense and the other crimes evidence "to insure that 'the purpose served by admission of other crimes evidence is not to depict defendant as a bad man, but rather to complete the story of the crime on trial by proving its immediate context of happenings near in time and place' " *State v. Colomb*, 98-2813, p. 3 (La.10/1/99), 747 So.2d 1074, 1076 (quoting *State v. Haarala*, 398 So.2d 1093, 1098 (La.1981)). The *res gestae* doctrine in Louisiana is broad and includes not only spontaneous utterances and declarations made before or after the commission of the crime, but also testimony of witnesses and police officers pertaining to what they heard or observed during or after the commission of the crime if a continuous chain of events is evident under the circumstances. *State v. Huizar*, 414 So.2d 741, 748 (La.1982); *State v. Kimble*, 407 So.2d 693, 698 (La.1981). In addition, as this court recently observed, integral act (*res gestae*) evidence in Louisiana incorporates a rule of narrative completeness without which the state's case would lose its "narrative momentum and cohesiveness, 'with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, whatever they may be, necessary to reach an honest verdict.' " *Colomb*, 747 So.2d at 1076 (quoting *Old Chief v. United States*, 519 U.S. 172, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997)).

*State v. Taylor*, 01-1638, pp. 10-11 (La. 1/14/03), 838 So.2d 729, 741-42, *cert. denied*, 540 U.S. 1103, 124 S.Ct. 1036 (2004).

Here, the two charges arose out of the same transaction and evidence of the aggravated kidnapping was intertwined with the armed robbery to such an extent that the State could not have accurately presented its case for armed robbery without reference to the aggravated kidnapping. Although we must annul the conviction for aggravated kidnapping, we will now proceed to address the defendant's second assignment of error as to the sufficiency of the evidence in regard to his conviction of armed robbery.

### *Sufficiency of the Evidence*

In his second assignment of error, the defendant contends the evidence was insufficient to support each of the convictions. As a result of the resolution of his first assignment of error vacating the aggravated kidnapping conviction, we review the sufficiency of evidence as to the conviction for armed robbery only.

> "In reviewing the sufficiency of the evidence to support a conviction, an appellate court in Louisiana is controlled by the standard enunciated by the United States Supreme Court in *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). . . . [T]he appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt." *State v. Captville*, 448 So.2d 676, 678 (La.1984). Furthermore, when the key issue is the defendant's identity as the perpetrator, rather than whether the crime was committed, the State is required to negate any reasonable probability of misidentification. *State v. Weary*, 03-3067 (La.4/24/06), 931 So.2d 297; *State v. Neal*, 00-0674 (La.6/29/01), 796 So.2d 649. Positive identification by only one witness is sufficient to support a conviction. *Weary*, 03-3067 at p. 18, 931 So.2d at 311; *Neal*, 00-0674 at p. 11, 796 So.2d at 658; *State v. Mussall*, 523 So.2d 1305, 1311 (La.1988). It is the factfinder who weighs the respective credibilities of the witnesses, and this court will generally not second-guess those determinations. *State v. Bright*, 98-0398, p. 22 (La.4/11/00), 776 So.2d 1134, 1147.

*State v. Hughes*, 05-992, pp. 5-6 (La. 11/29/06), 943 So.2d 1047, 1051 (alteration in original).

Armed robbery is defined in La.R.S. 14:64(A), as "the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon." Therefore, the State was required to prove the following elements: The defendant engaged in the taking of anything of value, from the possession or immediate control of another, by use of force or intimidation, and while armed with a dangerous weapon. *State v. Johnson*, 440 So.2d 197 (La.App. 3 Cir. 1983), *writ denied,* 444 So.2d 1240 (La.1984)

The sole issue in this assignment of error is the proof of the defendant's identity as the perpetrator. The defendant contends that because the State failed to thoroughly investigate, the only evidence in the case was a single eye-witness identification of the perpetrator, who was sitting in the backseat of a car while the victim was driving. The defendant further argues:

> While there is nothing in the transcript to indicate that the out-of-court identification itself was impermissibly suggestive, the detective did develop [the defendant] as a suspect due to his face being plastered all over the news and social media as a suspect in an unrelated crime. A crime that [he] claimed over and over to know nothing about. An unrelated crime whose only similarity was the involvement of the mysterious silver Charger that the police made no attempt whatsoever to locate the owner of. Based on the foregoing, I think it can be argued that the identification was suggestive for the purpose of determining the reliability of the identification for sufficiency purposes. Accordingly, we maintain based on the *Manson* factors that this suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. *Manson v. Braithwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed. 140 (1977); *State v. Prudholm*, 446 So.2d 729 (La.1984); *State v. Valentine*, 570 So.2d 533 (La.App. 4th Cir.1990).

The defendant then discusses the evidence as to the five *Manson* factors: 1) the witness's opportunity to view the defendant at the time the crime was committed; 2) the degree of attention paid by the witness during the commission of the crime; 3) the accuracy of any prior description; 4) the level of the witness's certainty displayed at the time of the identification; and 5) the length of time

7

elapsed between the crime and the identification. *Manson v. Braithwaite*, 432 U.S. 98, 97 S.Ct. 2243 (1977). The defendant's counsel then concludes, stating that she is "astounded" the State brought the case to trial without attempting to confirm the identity of the perpetrator through DNA, especially considering he was facing a life sentence. Counsel claims that no reasonable jurist, viewing the evidence in the light most favorable to the prosecution, could have found that the State met its burden of proof. We disagree.

In *State v. Naas*, 409 So.2d 535 (La.1981), *cert. denied*, 457 U.S. 1119, 102 S.Ct. 2933 (1982) (on rehearing), the defendant argued that there was error in the introduction of testimony regarding a pretrial photographic lineup and an in-court identification. The supreme court held: "At no time during the trial did defendant object to the admission of the identification evidence or testimony nor was a motion to suppress the identification filed. Thus, defendant has waived his right to assert this assignment. C.Cr.P. 841." *Id.* at 547.

In *State v. Boyance*, 05-1068 (La.App. 3 Cir. 3/1/06), 924 So.2d 437, *writ denied*, 06-1285 (La. 11/22/06), 942 So.2d 553, the defendant asserted that his convictions were based on insufficient evidence, particularly the witness's identification of him as the person who committed the robberies. He questioned the witness's identification because she allegedly told her son that the police identified the robber. The defendant argued that this court had to determine whether there was a suggestive identification and, if so, whether the suggestive identification presented a substantial likelihood of misidentification. This court held:

> "A defendant who does not file a motion to suppress an identification, and who fails to contemporaneously object to the admission of the identification testimony at trial, fails to preserve the issue of its admissibility as an error on appeal." *State v. Johnson*, 95-711, pp. 3-4 (La.App. 3 Cir. 12/6/95), 664 So.2d 766, 769, *writ*

> *denied*, 96-0082 (La.3/29/96), 670 So.2d 1236. *See also* La.Code Crim.P. arts. 703(F) and 841(A). The record reveals that the defendant did not file a pre-trial motion to suppress the witnesses' identifications or object to its admissibility at trial. Consequently, as the defendant failed to preserve this issue, we do not review it on appeal.

*Id.* at 440; s*ee also State v. Mitchell*, 13-426 (La.App. 3 Cir. 11/6/13), 125 So.3d 586, *writ denied*, 14-102 (La. 6/20/14), 141 So.3d 807.

In *State v. Brumfield*, 96-2667 (La. 10/20/98), 737 So.2d 660, *cert. denied*, 526 U.S. 1025, 119 S.Ct. 1267 (1999), the defendant argued that the trial court should not have admitted the testimony of a store manager who survived a shooting because her recollection of the crime and her identification of a co-defendant as one of the assailants occurred only after she had been hypnotized by the police. Evidence indicated that the manager was escorted to the bank by an off-duty police officer working security detail. Immediately after the assailants fired a barrage of shots into the police car, the co-defendant reached into the car to get the bag of money and was face-to-face with the manager. Although the manager had received eleven bullet wounds, she was able to drive away. When the manager immediately reported the crime to the 911 operator, she could not describe either of the assailants. Later, she gave a detailed description of the assailant who reached into the car, and, at trial, she gave the jury a detailed description of one of the perpetrators. There was no objection to the testimony or the identification. The supreme court found that the defendant waived any claim based on the erroneous admission of this evidence.

The defendant in the case at bar did not file a motion to suppress the photographic line-up, did not object when the line-up was introduced as an exhibit at trial, and did not object to the trial testimony of Assistant Chief of Police Dewayne Brumley, of the Many Police Department, who prepared the

photographic lineup, or the testimony of Ms. McKinney, the victim. Accordingly, the defendant waived review of this assignment of error.

For additional reasons, we find that the defendant's assignment of error lacks merit. We conclude that the evidence was sufficient to support the finding of the trial court that the defendant was the person who committed the armed robbery. Ms. McKinney identified the defendant as the perpetrator, both in a lineup and in court. Additionally, still shots from video footage taken from Radio Shack and the Housing Authority, both locations Ms. McKinney passed or stopped at while driving with the defendant in the backseat of her car, showed Ms. McKinney's vehicle followed by a gray Dodge Charger, corroborating her other testimony.

> A positive identification by only one witness is sufficient to support a conviction. [*State v. Neal*, 00-674 (La. 6/29/01), 796 So.2d 649]; *See Mussall*, 523 So.2d 1305, 1311 (La.1988). A victim's or witness's testimony alone is usually sufficient to support the verdict, as appellate courts will not second-guess the credibility determinations of the fact finder beyond the constitutional standard of sufficiency. *State v. Davis*, 02-1043, p. 3 (La.6/27/03); 848 So.2d 557, 559. In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the fact finder, is sufficient support for a requisite factual conclusion. *State v. Robinson*, 02-1869, p. 16 (La.4/14/04); 874 So.2d 66, 79.

*State v. Dorsey*, 10-216, pp. 43-44 (La. 9/7/11), 74 So.3d 603, 633-34, *cert. denied*, 566 U.S. 930, 132 S.Ct. 1859 (2012).

The defendant argues that because there was no physical evidence presented, the identification issue becomes of greater importance and should receive additional scrutiny. While no DNA was found in this case and there was little physical evidence, the parties stipulated that if Richard Beighley, an expert from the North Louisiana Criminalistics Laboratory, was called to testify, he would state that he did fingerprint comparisons of the defendant and three Pizza Hut employees with the money bag and deposit slips but, due to the material from

which the bag and deposit slips were made, he was not able to get any "prints from anyone, even individuals that we know touched the bag."

Despite the lack of physical evidence, there was other evidence supporting the victim's identification of the defendant as the perpetrator. The defendant denied he committed the robbery and denied that he owned or had access to a handgun. However, despite denying involvement, the defendant offered to make payment for the loss from the robbery when questioned by Detective Winfred McDowell of the Natchitoches Parish Sheriff's Department, when he was arrested in Natchitoches on the Sabine Parish warrant. In addition, the evidence established that approximately $3,000.00 was taken, that it was taken by force or intimidation, and while the defendant was armed with a dangerous weapon, as clearly shown in the victim's testimony that she saw him, saw the gun pointed to her face, and heard the defendant state, "Do you see this gun? I'll shoot you." The defendant testified at trial, again denying his involvement. On cross examination, however, he admitted that he had previously been convicted of the attempted armed robbery of a Dollar General store.

The trial court clearly believed the testimony of Ms. McKinney, who identified the defendant, and other evidence supported that decision as well. Thus, this court cannot second-guess the trial court's determination. *Hughes*, 943 So.2d 1047. Accordingly, we find that the evidence was sufficient to support the defendant's conviction for armed robbery.

## DISPOSITION

For the foregoing reasons, the defendant's conviction for armed robbery is affirmed, but his conviction for aggravated kidnapping is vacated.

**AFFIRMED IN PART AND VACATED IN PART.**