STATE OF LOUISIANA

VERSUS

ADAM DUNN

NO. 24-KH-605

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 09, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** ADAM DUNN

---

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE ELLEN SHIRER KOVACH, DIVISION "K", NUMBER 21-5146

---

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Stephen J. Windhorst

**WRIT DENIED**

In this *pro se* writ application, relator, Adam Dunn, seeks review of the trial court's October 23, 2024 order denying his application for post-conviction relief ("APCR") and his motions for amendment of sentence and appointment of counsel. For the following reasons, we deny this writ application.

On July 20, 2023, relator pled guilty to two counts of sexual battery of a juvenile under the age of 18, in violation of La. R.S. 14:43.1. The trial court sentenced him to ten years of imprisonment on count one and five years of imprisonment on count two, with the sentences to be served consecutively and without the benefit of probation, parole, or suspension of sentence. Relator did not file an appeal.

On July 29, 2024, relator filed an APCR with the trial court, setting forth claims of ineffective assistance of counsel, denial of his right to counsel in grand jury proceedings, and an involuntary guilty plea. Subsequently, on October 1, 2024, relator

24-KH-605

filed a Motion for Amendment of Sentence Pursuant to La. C.Cr.P. arts. 930.10 and 930.4(A), and a Motion to Appoint Counsel.

On October 23, 2024, the trial court denied the relief requested in the APCR, finding that relator did not meet his burden of proof under La. C.Cr.P. art. 930.2.[1] In the same ruling, the trial court denied relator's motions for amendment of sentence and appointment of counsel, stating that "La. C.Cr.P. art. 930.10 is no longer a viable legal statute."

In this writ application, relator re-urges his claims of ineffective assistance of counsel, denial of his right to counsel in grand jury proceedings, and an involuntary guilty plea. He also re-urges his request for a post-conviction plea agreement under La. C.Cr.P. art. 930.10, along with the appointment of counsel to negotiate a new plea agreement.

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id.* When a defendant claims that counsel's ineffective assistance rendered a guilty plea invalid, the *Strickland* analysis under the first deficiency prong remains the same, whereas under the second prejudice prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

---

[1] La. C.Cr.P. art. 930.2 states: "The petitioner in an application for post-conviction relief shall have the burden of proving that relief should be granted."

Relator argues his counsel was ineffective for failing to file a motion to withdraw his guilty plea. He claims he was "misled" by counsel, did not understand the charges or the penalties he faced, and was not properly advised of his *Boykin*[2] rights. However, relator does not specify how counsel misled him. Further, relator was sentenced immediately after he pled guilty, and the transcript shows the trial court advised him of the nature of the charges and his *Boykin* rights. During the plea colloquy, the trial court also advised relator of the sentencing range and the sentence he would receive under the plea agreement. Relator has failed to meet his post-conviction burden of proof under La. C.Cr.P. art. 930.2 as to these claims.

Relator also complains that counsel was ineffective for failing to object on grounds that the prosecution was instituted more than six years after the instant offenses were committed, in violation of La. C.Cr.P. art. 572(A)(l). La. C.Cr.P. art. 572(A)(1) provides that prosecution must be instituted within six years after the offense for a felony necessarily punishable by imprisonment at hard labor. However, relator was charged with two counts of sexual battery of a juvenile that were alleged to have occurred between April 15, 2012 and July 31, 2012 (count one) and August 1, 2015 and June 2, 2021 (count two). Pursuant to La. C.Cr.P. art. 571.1, the prescriptive period for instituting prosecution for sexual battery is thirty years from the date the victim turns eighteen. Thus, the prescriptive period for the charges of sexual battery had yet to expire, given that the victim was born on April 15, 2009. Consequently, relator has shown no error by counsel's failure to object.

After review, we find relator has failed to show "a reasonable probability that, but for counsel's error[s], he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59, 106 S.Ct. at 370. Therefore, relator's claims of ineffective assistance of counsel are without merit.

---

[2] *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Next, relator maintains he was denied the right to counsel during the grand jury proceedings. However, as the trial court found, "the record reflects there were no grand jury proceedings and no indictment filed in this case, as petitioner was charged via Bill of Information." In support of his argument, relator cites *State v. Bates*, 11-721 (La. App. 5 Cir. 3/27/13), 113 So.3d 411, in which this Court found that institution of prosecution by bill of information, rather than indictment, was reversible error where the crimes were punishable by life imprisonment and the victim was found to be under the age of 13 at the time of the offense. At the time of the offense in *Bates*, sexual battery was punishable by life imprisonment, where the juvenile was proven to be under the age of 13. However, at the time of the offenses in the present case, the crime of sexual battery of a juvenile was no longer punishable by life imprisonment. Therefore, prosecution was properly instituted by bill of information. Accordingly, we find relator's claim presents no grounds for relief.

Finally, relator seeks a reduction in his sentence, relying on La. C.Cr.P. art. 930.10(B), which provided for post-conviction plea agreements upon joint motion of the petitioner and the district attorney with the approval of the trial court. However, in *State v. Lee*, 22-1827 (La. 9/8/23), 370 So.3d 408, 410, the Louisiana Supreme Court held that La. C.Cr.P. art. 930.10 was unconstitutional as a violation of the Louisiana Constitution's separation of powers provision. Accordingly, relator's reliance on La. C.Cr.P. art. 930.10 for his request for a reduction of sentence or appointment of counsel is misplaced.

For these reasons, relator's writ application is denied.

Gretna, Louisiana, this 9th day of January, 2025.

**FHW**
**MEJ**
**SJW**

4

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **01/09/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-605**

### E-NOTIFIED
24th Judicial District Court (Clerk)
Honorable Ellen Shirer Kovach (DISTRICT JUDGE)
Thomas J. Butler (Respondent)

### MAILED
Adam Dunn #507193 (Relator)
Raymond Laborde Correctional Center
1630 Prison Road
Cottonport, LA 71327